59 N.J. Super. 570 (1960)
158 A.2d 231
GEORGE COZZI, PLAINTIFF,
v.
OWENS CORNING FIBER GLASS CORP., DEFENDANT-THIRD-PARTY PLAINTIFF,
v.
PANGIA CONSTRUCTION COMPANY, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Camden County District Court.
Decided February 16, 1960.
*571 Mr. Arthur Montano for the defendant-third-party plaintiff (Messrs. Kisselman, Devine & Deighan, attorneys).
Mr. Victor Taylor for the third-party defendant (Mr. Norman Heine, attorney).
MARTINO, J.C.C.
On June 5, 1958, Pangia Construction Company, hereinafter referred to as "Pangia," entered into a contract with Owens Corning Fiber Glass Corp., hereinafter referred to as "Owens," to pave its yard and parking area. The terms of the contract appear on a form prepared by "Owens," entitled "Purchase-Order Services." On the reverse side of the form, entitled "Terms and Conditions for Purchase Order-Services," appears an indemnification clause as follows:
"ARTICLE 20. Indemnification of Owner:
The Contractor hereby agrees to save and indemnify and keep harmless the Owner against all liability claims and judgments or demands for damages arising from accidents to persons or property occasioned by the Contractor, his agents or employees, and against all claims or demands for damages arising from accidents to the Contractor, his agents or employees, whether occasioned by said Contractor or his employees or by Owner or his employees or any other person or persons and the said Contractor will defend any and *572 all suits that may be brought against the Owner on account of any such accidents and will make good to, and reimburse, the Owner for any expenditures that said Owner may make by reason of such accidents."
George Cozzi, a tractor operator employed by Pangia as contractor, was injured while working in the area alongside the building occupied by Owens as owner. His injury was caused when hot waste kaylo, commonly called "sury," came through a window of the second floor of the building and spilled on him. The "sury" was caused to splash out of the window when the holes in the lid of the pre-heater, the machine in which it was contained, became clogged. Because the holes were clogged, the steam pressure which usually escapes from them was trapped. The additional pressure thus built up and forced the "sury" out the window and on to Cozzi.
The premises in which the machine was used and the machine itself were at all times in the exclusive control and possession of Owens and its employees. The work performed there by Owens was independent and totally unrelated to the work to be performed by Pangia. George Cozzi, the injured employee, had a right to be in the area alongside the building at the time of his injury and his work, like the other employees of Pangia, was independent of and totally unrelated to the work performed by Owens or its employees.
George Cozzi instituted suit in this court against Owens, the owner, alleging that Owens through its servants and agents negligently caused his injury. Owens then joined Pangia, the contractor, as a party to the suit by a third-party complaint demanding judgment against Pangia for indemnification, reimbursement and payment of all or any part of any sum which may be found in favor of plaintiff Cozzi against the third-party plaintiff Owens. A verdict was entered in favor of the plaintiff Cozzi against Owens in the sum of $1,000 and costs. The matter presently to be decided is the liability, if any, of the plaintiff's employer, *573 Pangia, the contractor, to the owner, Owens, for the latter's negligence under the indemnification agreement heretofore outlined.
The contract of indemnity referred to in this action made no reference to accidents occurring "to any person or persons, by or on account of the prosecution of the work," which was passed upon in Stern v. Larocca, 49 N.J. Super. 496 (App. Div. 1958), or the expression "occasioned by the operation and handling" of the equipment or "occasioned through the equipment," as in Brewster & Son, Inc. v. Catalytic Const. Co., 17 N.J. 20 (1954), or "tenant to make all repairs to the sidewalks adjacent to the premises, and to indemnify and hold harmless the municipality from any and all claims arising out of the lessee's conduct and management of the premises and adjacent sidewalks," as in Longi v. Raymond-Commerce Corp., 34 N.J. Super. 593 (App. Div. 1955). The indemnity provision in this case delineated for purpose of construction reads as follows:
"For damages arising from accidents to the contractor, his agents or employees whether occasioned * * * by owner or his employees * * *."
The damages for which indemnification is sought were the direct and proximate result of the negligence of the servants and agents of the indemnitee (owner). A case which resolved the very factual situation in which indemnification was sought because of the negligence of the indemnitee (owner), Perry v. Payne, 217 Pa. 252, 66 A. 553, 11 L.R.A., N.S., 1173 (Sup. Ct. 1907), refused recovery because the contract of indemnity could not be construed to indemnify against the negligence of the indemnitee-owner since this condition was not expressed in unequivocal terms. It might be added that in Perry v. Payne the agreement indemnified the owner from "all loss, cost or expense * * * arising from accidents to mechanics or laborers employed in the construction of said work, or to persons passing where the work is being constructed." The court, in construing that *574 provision, went into all the other provisions contained in the agreement and finally concluded that the indemnity provision above did not indemnify for negligence chargeable against the owner. It should be noted that the indemnity provision therein did not, as in the case for decision, state "damages * * * whether occasioned by owner or his employees."
Perry v. Payne, supra, in commenting upon Woodbury v. Post, 158 Mass. 140, 33 N.E. 86 (Sup. Jud. Ct. 1893), held the latter case through its facts provided specific indemnity against indemnitee's own negligence and therefore was distinguishable.
As a rule, an indemnity contract will be construed as not covering damages resulting from the indemnitee's negligence, the rule of strict construction against indemnity clauses being applied. Annotation, 175 A.L.R. 12, at p. 144, § 68.
An indemnity contract will not be construed as indemnifying one against his own negligence unless such construction is required by clear and explicit language of the contract. Sinclair Prairie Oil Co. v. Thornely, 127 F.2d 128 (10 Cir. 1942).
Stern v. Larocca, supra, is in agreement with the philosophy that "an indemnification clause will not cover the indemnitee in respect to a claim against it arising out of its own negligence unless the contract contains a clear and unequivocal expression of such intent. [cases cited]" 49 N.J. Super., at page 502.
In Murray v. Texas Co., 172 S.C. 399, 174 S.E. 231 (Sup. Ct. 1934), where the defendant wrote the indemnity provision for its own benefit and the provision was broad and comprehensive in that it held the company "harmless from all claims, suits, and liabilities of every character whatsoever and howsoever arising from the existence or use of the equipment at said station," it was held to be still provocative of some doubt as it could have plainly stated  if such was the understanding of the parties  that the plaintiff agreed *575 to relieve it in the matter from all liability for its own negligence.
It is suggested by indemnitor that the injuries sustained in this case were not connected directly with the prosecution of the work for which indemnitor was engaged; however, the provision of indemnity under discussion does not make that a condition of liability, as in Stern v. Larocca, supra. The court in Stern hypothesized a set of facts where an agent of the owner, by an act of negligence not in the prosecution of the work, injured one of contractor's workmen, and the court concluded that indemnification would not exist, not because of the owner's negligence but due to the fact that such contingency could not be fairly characterized as within the contemplation of the parties and within the language embracing accidents occurring "by or on account of the prosecution of the work."
Contracts of indemnity between contractors and owners, where the indemnitee's negligence is the proximate cause of the damage, should be scrutinized carefully; it should never be presumed that the indemnitor intended to assume the liability unless the contract puts it beyond doubt by express stipulation. Dingledy Lumber Co. v. Erie R. Co., 102 Ohio St. 236, 131 N.E. 723 (Sup. Ct. 1921). Such a liability is regarded to be hazardous and the character of the indemnity is unusual and extraordinary. Perry v. Payne, supra.
Nevertheless, the court should give such a contract its sanction, the same as it would any other business contract where the liability is clearly expressed. Stern v. Larocca, supra.
The language in this indemnity agreement appears to be clear, explicit and unequivocal, and justifies the conclusion that the parties agreed that the negligence of the owner-indemnitee Owens would not relieve the contractor-indemnitor Pangia of responsibility for indemnification.
Judgment for third-party plaintiff, Owens, against third-party defendant, Pangia, in the amount of $1,000 and costs.