495 A.2d 210

Kenneth GERARD

v.

PENN VALLEY CONSTRUCTORS, INC. and
Levittown Glass Company, Inc.

Appeal of LEVITTOWN GLASS COMPANY, INC.

Superior Court of Pennsylvania.

Argued March 19, 1985.

Filed June 21, 1985.

Frederick C. Fletcher, II, Philadelphia, for appellant.

Richard A. Weisbord, Philadelphia, for Gerard, appellee.

Peter A. Glascott, Doylestown, for Penn Valley, appellee.

Before OLSZEWSKI, MONTGOMERY and LEDERER *, JJ.

MONTGOMERY, Judge:

The instant appeal arises from an order of the lower court granting in part, and denying in part, a motion for summary judgment submitted by the Appellant, Levittown Glass Company, Inc. (hereinafter often referred to herein as the "Subcontractor"), which is an Additional Defendant in the case. We find that the lower court erred in denying, in part, the summary judgment sought by the Appellant.

The record shows that the Plaintiff, Kenneth Gerard, was a Pennsylvania resident who was injured when he apparently fell from a scaffold while in the course of his employment at a construction site in New Jersey. At the time, the Plaintiff was an employee of the Appellant Subcontractor, a Pennsylvania corporation. Penn Valley Constructors, Inc. (hereinafter often referred to as the "General Contractor"), the original Defendant in this case, was the general contractor on the job site, and had employed the Appellant as a subcontractor. The General Contractor was also a Pennsylvania corporation.

* Honorable William J. Lederer, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

The Plaintiff brought suit for damages against the General Contractor in this action filed in Bucks County, Pennsylvania. Thereafter, the Defendant General Contractor joined the Subcontractor as an Additional Defendant, claiming that the latter was liable for negligence in failing to provide the Plaintiff with a safe place to work, and also that it was liable in assumpsit, based upon the terms of a construction contract between the General Contractor and the Subcontractor. The Appellant Additional Defendant filed a motion for summary judgment, contesting both the trespass and assumpsit claims against it.

The lower court analyzed the legal principles relevant to the resolution of the Appellant's motion for summary judgment, and in doing so, reached the finding that New Jersey law should be applied in the instant case rather than Pennsylvania law. That finding will be more fully discussed later in this Opinion. The lower court concluded that the Appellant could not be held liable in this case on a trespass theory, but determined that liability could be assessed against the Appellant on the assumpsit claim. Therefore, the court granted the motion for summary judgment as to the trespass claim, but rejected the claim for similar relief as to the assumpsit claim against the Subcontractor.

 The lower court's findings as to the trespass claim against the Appellant deserve only brief comment. Statutory immunity is provided in both Pennsylvania and New Jersey to employers for all trespass claims which may arise out of situations in which their employees are injured, including third party claims like those raised by the Defendant in the instant case. See Act of December 5, 1974, P.L. 782, No. 263, Section 6, 77 P.S. § 481; *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977); N.J.S.A. 34:15–1, 34:15–8, 34:15–40; *Ruvolo v. United States Steel Corporation*, 139 N.J.Super. 578, 354 A.2d 685 (1976). Under the law of both states, the employer may waive his immunity from claims by third-party defendants, sued by the employer's employees, when the employer has expressly contracted to incur such liability, and to indemnify such third party defendants for it, should it arise. See Act of

December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b); *Rommell v. United States Steel Corporation,* 66 N.J.Super. 30, 168 A.2d 437 (1961). As will be discussed later in this Opinion, the assumpsit claim in issue depends upon whether it may be found that the Appellant did enter into a contract to incur such liability. In any event, no other party to this action has instituted an appeal to contest the lower court's finding that the Appellant could not be held liable on the trespass claim asserted against it by the General Contractor, so that we need not further discuss that aspect of the case.[1]

We next turn to the question of whether or not the lower court ruled correctly in refusing the Appellant's motion for summary judgment as to the assumpsit claim. Two arguments are offered by the Appellant for our consideration. First, it is maintained that the lower court erred in applying New Jersey law rather than Pennsylvania law in this case. It is contended that if Pennsylvania law were applied the General Contractor would be considered a "statutory employer", would bear no trespass liability to the injured Plaintiff, and consequently, there would be no reason to consider the Appellant's liability over to the General Contractor for any amount, because the Plaintiff's claim would be dismissed. Secondly, the Appellant argues that whether Pennsylvania law or New Jersey law is determined to be applicable in this case, the Appellant could not be held liable to the Defendant General Contractor because the former did not enter into any contractual agreement to indemnify the latter or otherwise assume liability for injuries to the Subcontractor's employees in situations similar to those presented by the instant case. We find merit in the latter contention.

The lower court found that the following clause in the construction contract between the Subcontractor and the

---

1. Following the lower court's ruling on its motion for summary judgment, the Appellant obtained an order from the lower court certifying the issues presented for an appeal pursuant to Section 702 of the Judicial Code (42 Pa.C.S.A. § 702) and Pennsylvania Rules of Appellate Procedure 1311 and 1312. Our Court agreed to permit this interlocutory appeal.

General Contractor constituted an express indemnity provision under which the Subcontractor agreed to assume liability to indemnify the General Contractor for damages like those claimed by the Plaintiff in this case:

Subcontractor will submit to Contractor before the commencement of work insurance certificates showing that Subcontractor is covered by workmen's compensation insurance as required by law, and also public liability insurance for property damages, personal injury or death.

We cannot agree with the lower court's conclusion that the above-quoted provision constituted an express undertaking by the Appellant to indemnify the Defendant General Contractor against third-party negligence claims by injured employees of the Appellant.

■ The law of both New Jersey and Pennsylvania is clear in eliminating the right of a third party to obtain contribution or indemnity from an injured employee's employer in the absence of an *express* contractual undertaking. See *Ruvolo v. United States Steel Corporation, supra; Karadis Brothers Painting Company v. Pennsylvania National Mutual Casualty Company,* 119 N.J.Super. 446, 292 A.2d 42 (1972); *Hall v. Goodman Company,* 310 Pa.Super. 465, 456 A.2d 1029 (1983); *Hefferin v. Stempkowski, supra.* Moreover, under the law of both jurisdictions, an asserted indemnification contract will be carefully scrutinized, and is subject to strict construction. See *Cozzi v. Owens Corning Fiberglass Corporation,* 59 N.J.Super. 570, 158 A.2d 231 (1960); *Employers Liability Assurance Corporation v. Greenville Business Men's Association,* 423 Pa. 288, 224 A.2d 620 (1966); *Potts v. Dow Chemical Company,* 272 Pa.Super. 323, 415 A.2d 1220 (1979). With these principles in mind, we cannot conclude that the clause in the construction agreement between the Defendant and the Appellant, recited above, comprises or includes any express indemnity undertaking by the Appellant. The language merely provides that the Appellant will obtain insurance coverages of certain types.

Therefore, we must reject the lower court's finding that the Appellant subjected itself to a contractual indemnity

clause and thereby could be held liable on the Defendant's assumpsit theory, whether the law of New Jersey or Pennsylvania were found to be applicable. In light of this conclusion, it would serve no purpose for us to reach the merits of whether or not the lower court was correct in finding New Jersey law, rather than Pennsylvania law, applicable in this case. Under the law of either jurisdiction, the result would be the same, because it is evident the Appellant has not entered into an express agreement to assume liability or to indemnify the General Contractor with respect to damages of the type sought by the Plaintiff. Therefore, the Appellant's motion for summary judgment should have been granted by the lower court as to both the trespass and assumpsit claims asserted by the Defendant General Contractor.

That part of the lower court's order which denied the Appellant's motion for summary judgment as to the assumpsit claim is reversed, and it is directed that summary judgment be entered for the Appellant as to both the assumpsit and trespass claims asserted against it in this case. The case is remanded to the lower court for such further proceedings as may be appropriate regarding the remaining issues in dispute. Jurisdiction is not retained.