## Coates v. Ontario Corp. Inc.

*Aron Arbittier,* for plaintiff.
*Joseph Goldberg,* for defendant.
*Joel P. Fishbein,* for defendant.

CAESAR, *J.,* October 25, 1989 — On April 16, 1984, plaintiff, Jennell Coates, sustained personal injuries as a result of a fall on premises owned by defendant, Ontario Corporation Inc. and leased to plaintiff's employer, Sterling Dye Corporation. It is agreed by the parties that plaintiff was acting within

the course and scope of her employment when she was injured. Her injury was caused by an allegedly defective condition of the floor of her work premises.

Plaintiff brought suit against Ontario, who then joined Sterling as an additional defendant, alleging that Sterling was negligent and that Sterling was liable over to Ontario for contractual indemnity pursuant to the lease, which included an indemnity clause.

As the case approached trial, insurance carriers for Ontario and Sterling each contributed the sum of $50,000 to an agreed-upon settlement of plaintiff's claim. Payment was made with the understanding that only one defendant is liable for the full amount of $100,000 and that, depending upon this court's ruling as to the above-mentioned indemnity clause, the party found liable would reimburse the other defendant.

Evidence was submitted in the form of briefs. Both defendants agreed that this court should assume that both Ontario and Sterling were negligent.

Defendant Ontario contended that the indemnification clause entitles it to be indemnified by Sterling for the $50,000. Sterling, on the other hand, contended that the indemnification clause does not provide for indemnifying Ontario as to a claim made by an employee of Sterling which is covered by the Pennsylvania Workmen's Compensation Act.

Defendant Ontario has filed an appeal to the Superior Court of Pennsylvania from this court's July 3, 1989 order, which denied Ontario's motion for summary judgment and ordered judgment in favor of Sterling.

Ordinarily, the joinder of an employer, such as

Sterling, as an additional defendant in an action brought by an employee against a third party, such as Ontario, is barred by section 303(b) of The Pennsylvania Workmen's Compensation Act (77 P.S. §481). *Hefferin v. Stempkowski,* 247 Pa. Super. 366, 372 A.2d 869 (1977). Section 303 of the act does not, however, bar an action by the third party against the employer if "liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." 77 P.S. §481(b). Therefore, it is clear that although an employer is generally immune from suit for injuries to its employees, that immunity can be waived by an express contractual provision for indemnity. *Gerard v. Penn Valley Constructors Inc.,* 343 Pa. Super. 425, 495 A.2d 210 (1985). Further, an asserted indemnification provision must be carefully scrutinized and strictly construed. *Id.* A contract will not be construed to indemnify a party for his or her own negligence unless the contractual language and surrounding circumstances clearly indicate an intention of the parties to do so. *Potts v. Dow Chemical Co.,* 272 Pa. Super. 323, 415 A.2d 1220 (1979).

As it is undisputed that Sterling was the employer of plaintiff at the time of the accident, Sterling can only be liable to Ontario if Sterling *expressly* obligated itself by a specific contract of indemnity in its lease agreement with Ontario. Defendant, Ontario, argues that the provision in section 11(a) of the lease agreement is such an express contractual undertaking to indemnify Ontario. It provides:

"Lessee (Sterling) also agrees to be responsible for and to relieve and hereby relieves lessor (Ontario) from all liability by reason of any damage or any injury to any person or thing which may arise

from or be due to the use, misuse, or abuse of all or any of the elevators, hatches, openings, stairways, hallways, of any kind whatsoever, which may exist or hereafter be erected or constructed on the said premises, or from any kind of injury which may arise from any other cause whatsoever on the said premises of the building of which the demised premises is a part, whether such damage, injury, use, misuse or abuse be caused by or result from the negligence of lessor (Ontario), his servants or agents or any other person or persons whatsoever."

The lease in question was a standard "Uniform Lease 50," prepared by the landlord, Ontario. This landlord now seeks indemnification for its own negligence. "Contracts against liability for negligence are not favored by the law . . . such contracts are to be construed strictly, with every intendment against the party seeking their protection." *Dilks v. Flohr Chevrolet,* 411 Pa. 425, 192 A.2d 682 (1963). The burden of proving the applicability of an indemnification provision falls on the party seeking such relief, and the burden is even greater where the party seeking relief drafted the agreement. *Gimbel Bros. Inc. v. William H. Vanderkerchen Inc.,* 468 F.2d 597 (3d Cir. 1972).

Strict scrutiny and strict construction led this court to conclude that when Sterling signed this standard form lease agreement it did not intend to waive its statutory protection and assume unlimited liability for damages arising from harm suffered by its employees. The lease provision in the present case was not an *express* undertaking by Sterling to indemnify Ontario for injuries suffered by Sterling's employees. Therefore, we denied Ontario's motion for summary judgment and entered judgment in favor of Sterling against Ontario.