415 A.2d 1220

Henry POTTS and Norma G. Potts, his wife

v.

DOW CHEMICAL COMPANY, Appellant

v.

UNITED STATES STEEL CORPORATION.

Robert POTTS and Charlene Potts, his wife

v.

DOW CHEMICAL COMPANY, Appellant

v.

UNITED STATES STEEL CORPORATION.

Michael BAKER and Helen Baker, his wife

v.

DOW CHEMICAL COMPANY, a corporation, Appellant

v.

UNITED STATES STEEL CORPORATION, a corporation.

John FLATT and Margaret Flatt, his wife

v.

DOW CHEMICAL COMPANY, a corporation, Appellant

v.

UNITED STATES STEEL CORPORATION, a corporation.

Superior Court of Pennsylvania.

Argued April 12, 1979.

Filed Dec. 5, 1979.

Petition for Allowance of Appeal Denied June 18, 1980.

324

George Buckler, Pittsburgh, for appellant.

Richard F. Lerach, Pittsburgh, for U. S. Steel Corp., appellee.

Before CERCONE, President Judge, and PRICE, VAN der VOORT, SPAETH, HESTER and WIEAND, JJ.

WIEAND, Judge:

Henry Potts, Robert Potts, Michael Baker, and John Flatt, employees of United States Steel Corporation, sustained injuries as a result of inhaling chemical fumes released while Dow Chemical Company was cleaning the water system of United States Steel Corporation's plant in Ambridge. The employees filed separate complaints in trespass against Dow, in which they alleged negligent handling of cleaning chemicals. Dow filed complaints in all actions joining U. S. Steel as an additional defendant on the grounds that it was solely liable to each plaintiff on the cause of action alleged or jointly liable thereon with Dow, or liable over to Dow under the terms of the contract between the parties. U. S. Steel filed preliminary objections in the nature of a demurrer to each complaint, which the trial court sustained. Dow appealed. We affirm.

Section 303(b) of The Pennsylvania Workmen's Compensation Act,[1] as amended by the Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b) provides as follows:

"In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

In *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977), this court held that Section 303(b) of the Workmen's Compensation Act bars the joinder of an employer as

1. Act of June 2, 1915, P.L. 736, No. 338, as amended, 77 P.S. § 1, et seq.

an additional defendant in an action by an employee against a third party. That decision is controlling of Dow's attempted joinder of U. S. Steel in the instant case.

Dow argues that *Hefferin* has no application where the third party's claim against the employer is based upon an express contract of indemnity. We agree that Section 303(b) of the Workmen's Compensation Act specifically creates an exception in favor of liability of an employer when it is based on an express agreement of indemnity. In the instant case, however, Dow's pleadings demonstrate clearly that there was no contract of indemnity. The provisions which are alleged to be a part of Dow's contract with U. S. Steel and upon which Dow relies are as follows:

"5. The liability of [Dow] for injury to persons or damage to property, including . . . injury to third parties or employees of [U. S. Steel] . . . shall be limited to that directly resulting from the sole negligence of [Dow] in the performance of this contract.

6. [Dow] shall not be liable for any special incidental, indirect, punitive or consequential damages, including, but not limited to, loss of use or loss of profit, for breach of contract, negligence or any other cause of action."

An agreement to indemnify is an obligation resting upon one person to make good a loss which another has incurred or may incur by acting at the request of the former, or for the former's benefit. 18 P.L.E. Indemnity § 1. A contract will not be construed to indemnify a party for his or her own negligence unless the contractual language and surrounding circumstances clearly indicate an intention of the parties to do so. *Westinghouse Electric Company v. Murphy, Inc.*, 425 Pa. 166, 172, 228 A.2d 656, 660 (1967); *Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc.*, 404 Pa. 53, 57, 171 A.2d 185, 187 (1961). The language relied on by Dow does not impose upon U. S. Steel an obligation to indemnify Dow against liability resulting from Dow's negligence. On the contrary, the terms of the agreement clearly impose upon Dow the responsibility for injury negligently inflicted upon employees of U. S. Steel during the course of Dow's work.

Because the pleadings negative the existence of an agreement of indemnity, we do not consider whether the 1969 amendments to Pa.R.C.P. 2252(a) have changed the prior rule which prohibited the joinder of an express indemnitor as an additional defendant in an action of trespass. See: *Wampler v. F. C. Haab Co., Inc.*, 401 Pa. 178, 162 A.2d 389 (1960).

The dissenting opinion argues that joinder can be sustained because the written contract contains by "necessary implication", an agreement whereby U. S. Steel will make "contribution" in the event that injury to an employee is caused in whole or in part by its own negligence. This argument is made for the first time by the writer of the dissent. It was not considered by the court below and has not been made by the appellant in its brief or during argument in this court. It is an argument, in any event, which is untenable. The written contract clearly contains no language by which U. S. Steel has agreed to become liable for contribution to Dow in the event that Dow's negligence causes injury to an employee of U. S. Steel. To insert such a provision in the instant contract by implication is to rewrite the parties' agreement. Moreover, the statute (77 P.S. § 481(b)) specifically bars an employer's liability to a third person, e. g., Dow, "unless liability for such damages, contributions or indemnity shall be *expressly* provided for in a written contract . . . ." An "express" provision, as the dissent concedes, is not present in the written contract between Dow and U. S. Steel.

The attempted joinder of U. S. Steel was improper, and the trial court correctly sustained preliminary objections thereto.

Affirmed and remanded for further proceedings.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

The majority, I believe, misses entirely a central issue that is raised on this appeal. The majority states:

> The language relied on by Dow does not impose upon U.S. Steel an obligation to indemnify Dow against liability resulting from Dow's negligence. On the contrary, the terms of the agreement clearly impose upon Dow the responsibility for injury negligently inflicted upon employees of U.S. Steel during the course of Dow's work. at 1222.

The issue raised by Dow, however, is not limited to whether its contract with U.S. Steel provided that U.S. Steel would indemnify Dow against liability resulting from Dow's negligence. The issue also extends to whether Dow's contract with U.S. Steel preserved from the force of section 303(b) of the Workmen's Compensation Act, 77 P.S. § 481(b) (Supp. 1978–79), Dow's right to contribution from U.S. Steel for liability resulting from U.S. Steel's negligence.

In its Summary of Argument, Dow frames its argument as follows:

> By the terms and conditions of the contract entered into between Dow Chemical Company and U.S. Steel Corporation on June 2, 1975, confirmed by the Dow Industrial Service Order and Receipt of July 15, 1975, signed by U.S. Steel, the additional defendant [U.S. Steel] agreed that Dow Chemical Company would not be liable for any damages for breach of contract, negligence or any other cause of action. Further, under the terms of this contract, the liability of Dow Chemical Company for injury to persons or injury to employees of United States Steel Corporation was limited to that *directly resulting* for the *sole negligence* of Dow Chemical Company in the performance of the service contract.

Appellant's Principal Brief at 9 (original emphasis).[1]

Dow's argument is based on paragraph seven of its amended complaint, which alleges:

> Further, under the terms of said contract, it was specifically set forth that the liability of Dow Chemical Company

---

1. Later in its brief, Dow argues:
     Under the circumstances presented in this case, it is logical and reasonable to infer that Dow Chemical Company intended to indemnify itself against any negligence, including negligence attribut-

for injury to persons—(or) injury to—employees of U.S. Steel Corporation shall be limited to that directly resulting from the sole negligence of Dow Chemical Company in the performance of said contract. That under the terms of said provision U.S. Steel Corporation, employer of the Plaintiff, has agreed that it may be liable to Dow Chemical Company for damages *or contribution* or indemnity and such liability is expressly provided for under the terms of said contract entered into prior to the date of the occurrence giving rise to this action. (Emphasis added.)

Given Dow's argument, I believe that the majority was compelled to consider whether Dow's complaint adequately alleged an action for contribution against U.S. Steel. I further believe that if the majority had considered this issue, it would have been compelled to reverse the order of the lower court dismissing Dow's complaint.[2]

77 P.S. § 481(b) states:

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin,

able to the additional defendant, United States Steel. Dow Chemical Company *cannot* be made an insurer for acts of negligence over which it had or could have had no control.
Appellant's Principal Brief at 16 (original emphasis).
Given these passages from Dow's brief, I demur to the majority's charge that the issue of whether Dow's complaint adequately alleged an action for contribution against U.S. Steel is raised for the first time in this dissent. As regards what was considered by the lower court: U.S. Steel's preliminary objections to Dow's complaint challenged the complaint on the ground that it did not state a cause of action for contribution. Record at 39a, 47a, 100a, 110a, 174a, 185a, 247a, 261a. Thus, this issue was before the lower court when it ruled on the preliminary objections, and had to be disposed of when the lower court sustained the objections.

2. I agree with the majority that Dow's amended complaint failed to allege that a contract of indemnity existed between Dow and U.S. Steel whereunder U.S. Steel was obliged to indemnify Dow against liability resulting from Dow's negligence. The contractual provision upon which Dow bases its argument that such a contract of indemnity existed states:
The liability of DIS [Dow] for injury to persons or damage to property, including, but not limited to, injury to third parties or

and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.[3]

From this statute it may be seen that an employer [U.S. Steel] may be liable for injury to an employee [plaintiffs] caused by the joint negligence of the employer and a third party [Dow] if liability for contribution is 1) expressly provided for, 2) in a written contract entered into by the employer, 3) prior to the occurrence that gave rise to the action.

employees of Buyer and property of third parties or property of Buyer, shall be limited to that directly resulting from the sole negligence of DIS in the performance of this contract.

Dow argues that the words "sole negligence" were sufficient to create an undertaking by U.S. Steel to indemnify Dow whenever Dow's negligence was less than the sole cause of an injury. "However, the law is well settled that the intention to include within the scope of an indemnity contract, a loss due to the indemnitee's own negligence, must be expressed in clear and unequivocal language," *Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc.*, 404 Pa. 53, 57, 171 A.2d 185, 187 (1961) (collecting cases), and " 'every presumption is against an intention to contract for immunity for not exercising ordinary diligence in the transaction of any business . . . .' ", *id.* 404 Pa. at 58, 171 A.2d at 188 (citation omitted). *See also Dilks v. Flohr Chevrolet*, 411 Pa. 425, 435, 192 A.2d 682, 687 (1963). Nowhere in the provision quoted above is there language affirmatively creating an obligation on the part of U.S. Steel to indemnify Dow against Dow's negligence.

3. The constitutionality of this provision is at present undecided. In *Tsarnas v. Jones & Laughlin Steel Corp.*, 262 Pa.Super. 417, 396 A.2d 1241 (1978), this court divided evenly over whether section 481(b) violated Article III, section 18, and Article I, section 11, of the Pennsylvania Constitution. The Supreme Court has allowed an appeal in *Tsarnas*, but has yet to render a decision. In the present case, Dow has not attacked the constitutionality of section 481(b); this court has therefore not reconsidered the issues presented in *Tsarnas*.

Dow's amended complaint sufficiently alleges that it had a written contract with U.S. Steel for contribution. Attached to the complaint is the Service Quotation Contract that Dow submitted to U.S. Steel for the work Dow subsequently performed at U.S. Steel's Ambridge plant—which work ultimately led to the present action. The contract contained a price quotation and the terms and conditions of Dow's services. U.S. Steel argues that because it did not sign the Service Quotation Contract, the contract was not a "written contract." However, "[a]n unsigned agreement all the terms of which are embodied in a writing, unconditionally assented to by both parties, *is* a written contract." 1 Corbin on Contracts § 31 at 117 (1950) (emphasis added). *See also Hostetter v. Giffen,* 268 Pa. 530, 112 A. 150 (1920). Because this appeal arises from an order sustaining a demurrer to Dow's complaint, we must assume that the Service Quotation Contract embodied all the terms of the agreement between Dow and U.S. Steel, and that U.S. Steel unconditionally assented to those terms. *See generally Clouser v. Shamokin Packing Co.,* 240 Pa.Super. 268, 273, 361 A.2d 836, 840 (1976) ("In considering the demurrer, every well-pleaded material fact set forth in the complaint, as well as inferences reasonably deducible therefrom, must be taken to be admitted").[4]

Dow's complaint also sufficiently alleges that Dow's Service Quotation Contract was entered into on or about June 2,

4.  Both parties on appeal have referred to documents that were not attached to Dow's complaint, namely, a purchase order of American Bridge Division of U.S. Steel dated June 20, 1975, and a Dow Industrial Service Order and Receipt dated July 15, 1975. The parties claim that these two documents plus Dow's Service Quotation Contract constituted the entire agreement between them. Although these documents have been included in the record on this appeal, it is unclear how they got into the record. U.S. Steel states that they were not a part of the record at the time the lower court ruled on U.S. Steel's preliminary objections, *see* Appellee's Brief at 8 n. 5, and there is nothing in the record that shows that these documents were filed in the lower court. Thus, these documents are not properly before us for two reasons. First, "[o]nly such matters as arise out of the complaint itself may be considered [on a demurrer]; and the decision must be on the pleading alone." 2 Goodrich-

1975, or over a month prior to the occurrence that gave rise to the present action.

Finally, Dow's Service Quotation Contract contained an express provision that Dow would not be liable for the consequences of U.S. Steel's negligence. Paragraph five of the contract provides:

> The liability of DIS for injury to persons or damage to property, including, but not limited to, injury to third parties or employees of Buyer and property of third parties or property of Buyer, shall be limited to that directly resulting from the sole negligence of DIS in the performance of this contract.

Amram 2d § 1017(b):11 at 84 (footnote omitted). Second, our rules of appellate procedure state that "[t]he original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases." Pa.R.A.P. 1921.

Moreover, had we the discretion to entertain the parties' unorthodox submissions, the record would still fail to show that the parties did not have a written contract:

> In the process of making a contract, either orally or in writing, the parties may express their assent piecemeal, agreeing upon individual terms as the negotiation proceeds. These expressions are merely tentative and are inoperative in themselves; there is no contract until the parties close their negotiation and express assent to all the terms of the transaction together. In giving expression to such a final assent, however, the parties frequently do not restate the various terms that they have previously tentatively agreed upon. Those terms may be either formally or tacitly incorporated by reference. This is especially likely to be true when the negotiation has been conducted by letter or telegram. In such cases, in determining the existence of a contract and its terms, the entire correspondence must be searched and interpreted. There must be found a final closing of the deal, each party indicating by an overt expression that the process of negotiation is complete and that he now assents to all the terms already tentatively adopted. The correspondence must show what those terms are; and the fact that they were so adopted by both parties must be established. Here, the proof of the contract consists chiefly in a series of documents, more or less informal in character, no one of which would be legally operative standing alone. This proof is written proof; and the contract may properly be described as a written contract, even though there are several writings that the parties have never physically attached to each other.
> 1 Corbin on Contracts § 31 at 120 (1950) (footnotes omitted).

Although the word "contribution" does not appear in this provision, it is necessarily implied. The paragraph contemplates that if Dow is sued by a third party for damages caused wholly or partly by U.S. Steel's negligence, Dow may sue U.S. Steel for contribution or liability over. Otherwise, Dow would be denied the only means of exercising its right under this paragraph not be liable for U.S. Steel's negligence.[5]

U.S. Steel argues, however, that even if it is liable to Dow for contribution or liability over, our rules of civil procedure nevertheless prevent its joinder as an additional defendant in this action. It maintains that a person cannot be joined as an additional defendant on the basis of a written contract to indemnify the original defendant.

Such was the law of Pennsylvania prior to the amendment of Pa.R.C.P. 2252(a) in 1969; whether such is still the law is more questionable.[6] One commentator has taken the posi-

---

5. I cannot agree with the majority's talismanic view of 71 P.S. § 481(b). In my view the General Assembly did not intend that unless the parties used the word "contribution," there would be no contribution, but rather that the right to contribution must be clearly expressed in a written contract, whether that expression includes the word "contribution" or takes some other form. Sometimes, as here, an undertaking by an employer to be liable for all the consequences of its negligence may be clearly expressed without the use of the word "contribution."

The majority claims that the contract between Dow and U.S. Steel "clearly contains no language by which U.S. Steel has agreed to become liable for contribution to Dow in the event that Dow's negligence causes injury to an employee of U.S. Steel." at 1222. The majority, however, offers no reading of the contractual provision that I have quoted above that would relieve U.S. Steel of liability for damages caused by its negligence; nor do I believe that such a reading exists if the provision is given a reasonable construction, and effect is given to all its language. See generally Breen v. Rhode Island Insurance Co., 352 Pa. 217, 221, 42 A.2d 556, 557 (1945). As noted above, at this stage in the proceedings we must assume that U.S. Steel agreed that it would remain liable for its negligence. Since it agreed to this, Dow is entitled to maintain an action for contribution, for such an action is the exclusive means by which Dow can enforce its contractual right.

6. Pa.R.C.P. 2252(a) as amended reads:

tion "that the 1969 amendments to Rule 2252 do not change the rule forbidding joinder of an express insurer or indemnitor." 8 Goodrich-Amram 2d § 2252(a):7.1 at 46. Yet, Goodrich-Amram also notes "that in the other states of the United States, in England and in the British Dominions which have an additional defendant procedure, the joinder of express indemnitors and insurance companies is generally permitted and that such joinder is permitted under Fed.R. C.P. No. 14." *Id.* at 50 (footnote omitted). Furthermore, Goodrich-Amram states:

> The real reason behind the rule [in Pennsylvania] is found in the Pennsylvania policy prohibiting the disclosure in personal injury cases of the fact that the defendant is insured. The courts were fearful of the harmful consequences which might attend the joinder of insurers and express indemnitors as additional defendants. They also felt that trial would be unnecessarily complicated by the introduction of indemnity agreements executed by strangers to the proceedings.

> *Id.* at 49 (footnotes omitted).

It is unnecessary to reach the issue of whether, as a general rule, Pa.R.C.P. 2252(a) as amended does or does not allow the joinder of express insurers and indemnitors. Dow's Service Quotation Contract with U.S. Steel was not a usual contract for indemnity: It only attempted to make U.S. Steel liable for the consequences of its own negligence, for which in most instances U.S. Steel would be liable anyway. The reasons Goodrich-Amram cites in support of the prohibition against joinder of express insurers and indemnitors are weak ones, since Pa.R.C.P. 213(b) already

In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

allows courts "in furtherance of convenience or to avoid prejudice" to order a separate trial of any cause of action. Yet, whatever validity those reasons may have in other kinds of cases, they are completely inapplicable in cases involving contracts to protect contribution rights. There is no danger that because Dow has preserved its right to recover contribution from U.S. Steel, a jury will render an excessive verdict for the original plaintiffs. Nor is there danger that the trial will be unnecessarily complicated by the introduction of Dow's contract with U.S. Steel.[7]

Goodrich-Amram's commentary strongly indicates that if indeed the 1969 amendments to Pa.R.C.P. 2252 do not permit the joinder of express insurers and indemnitors as additional defendants, the reason is to be found neither in logic nor in the philosophy that lies behind the amendments, which is that "rigid rules of exclusion" should be avoided, 8 Goodrich-Amram 2d § 2252.1 at 22, but rather in a superannuated custom that has survived in an otherwise modernized code of civil procedure. I see no reason to extend such a custom beyond the kinds of indemnity contracts out of which it grew.

For the reasons above, I should reverse the order of the lower court.

7. Goodrich-Amram concludes that experience proves that "juries have little difficulty in keeping the various parties clearly separated and in determining their relative responsibility to one another." 8 Goodrich-Amram 2d § 2252.1 at 20.