518 A.2d 1311

Lawrence C. Babjack *v.* Mt. Lebanon Parking Authority and Medical Rescue Team South, Inc. Mt. Lebanon Parking Authority, Appellant.

Argued October 6, 1986, before Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Thomas R. Doyle,* for appellant.

*John W. Jordan, IV, Grigsby, Gaca & Davies, P.C.,* for appellee, Medical Rescue Team South, Inc.

OPINION BY JUDGE MACPHAIL, December 18, 1986:

The Mt. Lebanon Parking Authority (Appellant) appeals an order of the Court of Common Pleas of Allegheny County which sustained preliminary objections of the Appellee Medical Team South, Inc. and dismissed the Appellant's complaint to join Appellee as an additional defendant in a suit for personal injuries brought against Appellant by Lawrence C. Babjack, an employee of Appellee. We agree with the trial court that Appellee was immune from suit under The Pennsylvania Workmen's Compensation Act (Act)[1] and therefore affirm that court's order.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1066.

Mr. Babjack suffered lacerations to his right arm when a glass door he was attempting to exit shattered. The door was located on premises owned by Appellant but leased to Babjack's employer, the Appellee herein. Alleging that Appellant was negligent in failing to provide safety glass in the door, Babjack filed an action against Appellant in the court of common pleas.

After filing an answer and new matter to Babjack's complaint, Appellant filed a complaint to join Appellee as an additional defendant on the grounds that a lease allegedly entered into by Appellant and Appellee contained a provision whereby Appellee agreed to hold harmless and indemnify Appellant for injuries sustained by Appellee's employees caused by any condition of the premises. Appellee filed preliminary objections in the nature of a demurrer asserting that it was immune from suit under the Act. The trial court, in an order dated September 27, 1985, sustained the objections and dismissed the complaint to join. Appellant's appeal from that order is now before us.

Appellant's initial contention is that Appellee's preliminary objections in the nature of a demurrer improperly raised the affirmative defense of the Act which Appellant says should have been raised in new matter pursuant to Pa. R.C.P. No. 1030. We reject this argument based on the recent decision of our Supreme Court in *LeFlar v. Gulf Creek Industrial Park No. 2,* 511 Pa. 574, 515 A.2d 875 (1986), wherein the Court held that the employer's liability under the Act is not an affirmative defense but goes to the subject matter jurisdiction of the Court.

Appellant also argues that Appellee's demurrer to the complaint, in effect, admits the existence of a written indemnity contract between Appellant and Appellee by which Appellee agreed to indemnify Appellant. We do not agree.

We recognize that preliminary objections in the nature of a demurrer admit as true all well-pleaded, material facts contained in a complaint and every inference fairly deducible therefrom. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985). Conclusions of law, however, are not admitted by way of demurrer. *Id.; Brown v. Taylor,* 90 Pa. Commonwealth Ct. 23, 494 A.2d 29 (1985). Because the construction and interpretation of the terms of a lease agreement are questions of law, and not fact, *Kardibin v. Associated Hardware,* 284 Pa. Superior Ct. 586, 426 A.2d 649 (1981), we conclude that Appellee's demurrer did not admit that Appellee agreed to indemnify Appellant under the provisions of the alleged lease agreement. *See also Detweiler v. Hatfield Borough School District,* 376 Pa. 555, 104 A.2d 110 (1954) (demurrer cannot admit an alleged construction of a written instrument).

Turning to the central issue of this appeal, we must decide whether the lease agreement entered into by Appellant and Appellee contained an express indemnity clause which would permit the joinder of Appellee as an additional defendant under an exception to the Act.

Section 303 of the Act, 77 P.S. §481, provides in part:

(b)   In the event injury or death to an employe is caused by a third party, then such employe . . . may bring . . . [his] action at law against such third party, *but the employer . . . shall not be liable to a third party* for damages, contribution, or indemnity in any action at law, or otherwise, *unless liability for such damages, contributions, or indemnity shall be expressly provided for in a written contract* entered into by the party alleged to be liable. . . . (Emphasis added.)

Appellant argues that Appellee should have been joined as an additional defendant under the exception in this section for written indemnity contracts, based on a provision in the lease agreement. That provision reads:

24. It is specifically understood and agreed by and between Lessor [Appellant] and Lessee [Appellee] as a part of the consideration of the leasing of the premises to the Lessee that the Lessor, its officers, agents, and employees, shall not be liable for personal injury to the Lessee, Lessee's employees or guests, which might arise from the condition of the Premises, its plan of construction, or from fumes, gases or explosions howsoever caused, from any place or quarter, or that may be caused by the acts of any person or persons whether representing the Lessor or otherwise.

R.R. at e-9. The trial court found that this provision was not an express undertaking by Appellee to indemnify Appellant or to be liable for contribution, following the Superior Court's decision in *Potts v. Dow Chemical Co.*, 272 Pa. Superior Ct. 323, 415 A.2d 1220 (1979). We agree.

It is clear that a third-party has no right to obtain contribution or indemnity from an injured employee's employer absent an express contractual undertaking. *Gerard v. Penn Valley Constructors, Inc.*, 343 Pa. Superior Ct. 425, 495 A.2d 210 (1985). Further, an asserted indemnification provision must be carefully scrutinized and strictly construed. *Id.* The lease provision in the case *sub judice*, which Appellant contends is an express indemnification agreement, is not an express undertaking by Appellee to indemnify Appellant for injuries suffered by Appellee's employees. The provision merely states that Appellant "shall not be liable for personal injury" arising from the condition of its premises.

Appellant argues in its brief before this Court that even though there is no "magic language" of indemnification in the lease, "[c]learly the additional defendant [Appellee], the tenant in possession, was to provide indemnity to the original defendant-landlord [Appellant] who was out of possession." To accept this argument would defy the strict construction required in interpreting an alleged indemnity provision. *Gerard*. Further, "[t]o insert such a provision in the instant contract by implication is to rewrite the parties' agreement." *Potts*, 272 Pa. Superior Ct. at 327, 415 A.2d at 1222.

Applying our limited scope of review,[2] we therefore affirm the court of common pleas' order sustaining Appellant's preliminary objections and dismissing Appellee as an additional defendant.

### ORDER

The order of the Court of Common Pleas of Allegheny County in the above-captioned proceeding is hereby affirmed.

---

[2] Our scope of review in cases in which the trial court has sustained preliminary objections is limited to a determination of whether the Court abused its discretion or committed an error of law. *Pennsylvania Department of Environmental Resources Appeal*, 91 Pa. Commonwealth Ct. 381, 497 A.2d 284 (1985).