545 A.2d 412

Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Vocational Rehabilitation, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission and Frank Lexie, Respondents.

Argued April 22, 1988, before Judges DOYLE, PALLA-DINO and SMITH, sitting as a panel of three.

*Richard C. Lengler*, Assistant Counsel, with him, *Sandra S. Christianson*, Chief Counsel, for petitioner.

*Sallie A. Rodgers*, Assistant Chief Counsel, with her, *Ellen K. Barry*, Assistant Chief Counsel, and *Elisabeth S. Shuster*, Chief Counsel, for respondent, Pennsylvania Human Relations Commission.

OPINION BY JUDGE DOYLE, July 26, 1988:

The Office of Vocational Rehabilitation (OVR) appeals the January 6, 1987 interlocutory order of the Human Relations Commission (HRC) denying OVR's motion to dismiss a discrimination complaint filed against it

by Frank Lexie (Complainant). This Court granted OVR's petition for review and permitted the instant appeal from HRC's interlocutory order pursuant to Section 702(b) of the Judicial Code, 42 Pa. C. S. §702(b).[1] We reverse HRC's denial of the motion to dismiss, and order the matter transferred to OVR pursuant to 42 Pa. C. S. §5103.

Our scope of review in the case at bar is analogous to the review we would apply to a lower court's order overruling preliminary objections in the nature of a demurrer challenging subject matter jurisdiction. In such a case, our review is limited to a determination of whether or not the lower court abused its discretion or committed an error of law. *Babjack v. Mt. Lebanon Parking Authority,* 102 Pa. Commonwealth Ct. 499, 504 n.2, 518 A.2d 1311, 1313 n.2 (1986) (citing *Pennsylvania De-*

---

[1] By a motion to amend dated January 22, 1987, OVR asked HRC to certify its interlocutory order of January 6, 1987 for an immediate appeal to this Court pursuant to 42 Pa. C. S. §702(b) and Pa. R.A.P. 1311(b). HRC, however, failed to act within 30 days, and thus, the motion to certify was deemed denied under 1 Pa. Code §35.225(a).

On March 9, 1987, OVR filed a petition for review with this Court pursuant to Pa. R.A.P. 1311 from HRC's failure to amend its interlocutory order of January 6, 1987. Eventually, HRC issued a belated order denying OVR's motion to amend, dated March 6, 1987. However, HRC failed to serve this order until March 12, 1987, which was after OVR had filed its petition for review with this Court.

We note that HRC's refusal to certify this interlocutory appeal is in no way fatal to the instant appeal. The purpose of a petition for review is to test the discretion of the lower court (or, as in this matter, the adjudicatory body) in refusing to certify its interlocutory order for purposes of appeal. Under Pa. R.A.P. 1311, if review is granted by the appellate court and it determines that the lower court or adjudicatory body abused its discretion, the appeal will then proceed on the merits. *Commonwealth v. Boyle,* 516 Pa. 105, 532 A.2d 306 (1987); *Toll v. Toll,* 498 Pa. 536, 448 A.2d 1379 (1982) (*aff'g per curiam,* 293 Pa. Superior Ct. 549, 439 A.2d 712 (1981)).

*partment of Environmental Resources Appeal,* 91 Pa. Commonwealth Ct. 381, 497 A.2d 284 (1985)). In order to make this evaluation, we must consider as true all well-pleaded material facts of the complaint and every inference reasonably deducible therefrom. *Babjack; see also Martino v. Transport Workers' Union,* 301 Pa. Superior Ct. 161, 447 A.2d 292 (1982), *aff'd,* 505 Pa. 391, 480 A.2d 242 (1984) (where the Superior Court accepted as true an appellee's averments of fact contained in his complaint in order to decide whether the lower tribunal had subject matter jurisdiction over appellee's complaint).

In the matter before us, Complainant, a disabled individual, avers that on or about May 14, 1984, he conferred with the foreman at the United Rehabilitation Workshop (Workshop), and he learned that part-time work was available in the carpentry shop. Complainant further avers that he spoke with a woman in the personnel department of the workshop concerning the part-time position, and she referred him to OVR. Complainant asserts that on or about May 29, 1987, he met with Mr. Nygren at OVR to inquire about the part-time carpentry job. Complainant contends that in the course of this initial contact, Mr. Nygren refused to give Complainant an application, and, further, that Mr. Nygren told Complainant that he could not refer him for work because Complainant was "too old," "disabled," and would be expected "to work eight hours a day." Complainant alleges that OVR refused to refer him for the position he sought because he is sixty-six years old and because he suffers from a non-job related disability, *i.e.* partial paralysis.

The sole question presented, therefore, is whether or not HRC has the proper subject matter jurisdiction over Complainant's complaint to adjudicate his allega-

tions of employment discrimination based upon age and physical disability.

Section 3 of the Pennsylvania Human Relations Act (Act)[2] establishes the right to be free from discrimination in employment as an enforceable civil right. Moreover, Section 4 of the Act, 43 P.S. §954, sets forth the definitions which control how its provisions will be applied. Thus, our analysis of whether or not HRC has subject matter jurisdiction over an employment discrimination complaint, brought against OVR by an individual who alleges that OVR discriminatorily refused to refer him, must begin with an analysis of the definitions of "employee" and "employment agency" under Section 4 of the Act.

In its brief, HRC contends that OVR is subject to its jurisdiction as an employer of Complainant. We disagree. As the Act states:

The term 'employer' includes the Commonwealth or any political subdivision or board, department, commission or school district thereof and any person employing four persons or more within the Commonwealth, . . . .

Section 4(b) of the Act, 43 P.S. §954(b). Thus, OVR, as a Commonwealth agency, is an employer under Section 4(b) of the Act; it does not follow, however, that OVR was ever *Complainant's employer*. In the present case, Complainant never alleged that he sought employment with OVR and was denied a job because of his age or non-job related handicap. Rather, Complainant averred that OVR refused to refer him to a part-time position in a carpentry shop which was available and for which he was fully qualified. As this Court observed in *Harmony Volunteer Fire Company and Relief Association v. Penn-*

---

[2] Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §953.

*sylvania Human Relations Commission,* 73 Pa. Commonwealth Ct. 596, 459 A.2d 439 (1983), the Act fails to define "employment," and so a court faced with the question of whether or not an employment relationship was contemplated by the parties must look to the common law principles governing master-servant relationships. As the *Harmony* Court explained:

> In a 1906 case, our Supreme Court discussed the standard which is still in effect. ' "The relation of master and servant exists where the employer has the right to select the employee, the power to remove and discharge him, and the right to direct both what work shall be done, and the way and manner in which it shall be done." '

*Id.* at 601, 459 A.2d at 442 (quoting *McColligan v. Pennsylvania Railroad Co.,* 214 Pa. 229, 232, 63 A. 792, 793 (1906)).

Applying the common law test to the matter before us, we note that none of Complainant's pleadings allege any of the necessary indicia of a master-servant relationship with OVR. Further, it is clear that Complainant never contemplated an employment relationship with OVR because he pleaded that he went to OVR seeking a *job referral.* Therefore, we hold that there is no merit to HRC's claim that it has jurisdiction over this matter on the basis of a discriminatory employment relationship.

A far more challenging question, however, is whether OVR can be classified as an "employment agency" under the Act. Complainant alleged that OVR refused to refer him for part-time employment; if this Court were to confine its review to the averments of the Complainant alone, we would be compelled to conclude that OVR is an employment agency.

However, in order to determine whether an error of law was committed below, we must consider Section 4(e) of the Act, 43 P.S. §954(e), which states:

> The term 'employment agency' includes any person *regularly undertaking,* with or without compensation, to procure opportunities to work or to procure, recruit, refer or place employes (emphasis added).

We believe, therefore, that the words "regularly undertaking" compel us to reject an overly simplistic view of OVR as merely an employment agency. A close analysis of the statutory scheme behind OVR's enabling legislation, the Vocational Rehabilitation Act of 1945, Act of May 22, 1945, P.L. 849, *as amended,* 43 P.S. §§681.1-681.11 (Rehabilitation Act), demonstrates that OVR's mandate is to provide a myriad of vocational rehabilitation services to persons with physical or mental disabilities. As the Rehabilitation Act provides in relevant part:

**Eligibility for vocational rehabilitation**

> *Vocational rehabilitation services* shall be provided to any disabled individual (1) whose vocational rehabilitation the State board determines *after full investigation* can be satisfactorily achieved . . . or (2) who is eligible therefor under the terms of a reciprocal agreement with another state or with the Federal government.

Section 7 of the Rehabilitation Act, 43 P.S. §681.7 (emphasis added). Moreover, as this Court recognized in *Cook v. Bureau of Vocational Rehabilitation of the Department of Labor and Industry,* 45 Pa. Commonwealth Ct. 415, 405 A.2d 1000 (1979), Pennsylvania's Rehabilitation Act exists primarily to give statutory authority for state-federal programs. In fact, the total interdependence of the federal and state statutory schemes is expressly recognized in Section 5 of the Rehabilitation Act, 43 P.S. §681.5, which states:

**Cooperation with Federal government**

> The State board shall cooperate, pursuant to agreements with the Federal government, in

carrying out the purposes of any Federal statutes pertaining to vocational rehabilitation, and is authorized to adopt such methods of administration as are found by the Federal government to be necessary for the proper and efficient operation of such agreements or plans for vocational rehabilitation and to comply with such conditions as may be necessary to secure the full benefits of such Federal statutes.

Since the Rehabilitation Act exists primarily to further the mandates of the federal legislation, the Federal Rehabilitation Act of 1973, 29 U.S.C. §§701-796i (Federal Rehabilitation Act of 1973), *Cook,* we will examine the regulations accompanying the federal law to ascertain the goals of OVR's programs.

All state vocational rehabilitation services programs are subject to the federal regulations found in 34 C.F.R. 361 (1987). *See* 34 C.F.R. §361.1 (1987). Regulation 361.42(a) enumerates the broad spectrum of vocational rehabilitation services which are available through OVR as follows:

(a) *Scope of services.* The State plan must assure that, as appropriate to the vocational rehabilitation needs of each individual, the following vocational rehabilitation services are available:

(1) Evaluation of vocational rehabilitation potential, including diagnostic and related services incidental to the determination of eligibility for, and the nature and scope of services to be provided;

(2) Counseling and guidance, including personal adjustment counseling, to maintain a counseling relationship throughout a handicapped individual's program of services, and referral necessary to help handicapped individuals secure needed services from other agencies;

(3) Physical and mental restoration services, necessary to correct or substantially modify a physical or mental condition which is stable or slowly progressive;

(4) Vocational and other training services, including personal and vocational adjustment, books, tools, and other training materials . . . ;

(5) Maintenance, including payments, not exceeding the estimated cost of subsistence and provided at any time after vocational rehabilitation services have begun through the time when postemployment services are being provided . . . ;

(6) Transportation, including necessary travel and related expenses . . . ;

(7) Services to members of a handicapped individual's family when necessary to the vocational rehabilitation of the handicapped individual;

(8) Interpreter services and note-taking services for the deaf, including tactile interpreting for deaf-blind individuals;

(9) Reader services, rehabilitation teaching services, note-taking services and orientation and mobility services for the blind;

(10) Telecommunications, sensory and other technological aids and devices;

(11) Recruitment and training services to provide new employment opportunities in the fields of rehabilitation, health, welfare, public safety, law enforcement and other appropriate public service employment;

(12) Placement in suitable employment;

(13) Post-employment services necessary to maintain suitable employment;

(14) Occupational licenses, including any license, permit or other written authority required by a State, city or other governmental unit to be obtained in order to enter an occupation or enter a small business, tools, equipment, initial stocks (including livestock) and supplies; and

(15) Other goods and services which can reasonably be expected to benefit a handicapped individual in terms of employability.

34 C.F.R. §361.42(a) (1987). Accordingly, since the primary focus of the Federal Rehabilitation Act of 1973 is not upon employment referral but upon vocational rehabilitation and training, the foregoing list compels this Court to conclude that it would be a gross oversimplification to characterize OVR as "any person regularly undertaking . . . to procure, recruit or refer employes." We hold, therefore, that OVR is not an "employment agency" within the meaning of Section 4(c) of the Human Relations Act. Thus, we hold that HRC lacked jurisdiction over this matter.

Our holding that OVR is not subject to the jurisdiction of HRC as an employment agency does not give OVR a license to violate the civil rights of persons with physical or mental disabilities whom it serves. We note that Complainant alleged that OVR discriminated against him on the basis of his age and physical disability. Regulation 361.31 assures that the civil rights of disabled individuals who seek assistance under the state plans will be protected. It provides:

Eligibility for vocational rehabilitation services.

(a) *General provisions*.

(1) The State plan must assure that eligibility requirements are applied by the designated State unit without regard to sex, race, age,

creed, color, or national origin of the individual applying for service. The State plan must also assure that no group of individuals is excluded or found ineligible solely on the basis of type of disability. With respect to age, the State plan must assure that no upper or lower age limit is established which will, in and of itself, result in a finding of ineligibility for any handicapped individual who otherwise meets the basic eligibility requirements specified in paragraph (b) of this section.

(2) The State plan must assure that no residence requirement, durational or other, is imposed which excludes from services any individual who is present in the State.

(b) *Basic conditions.* The State plan must assure that eligibility is based only upon:

(1) The presence of a physical or mental disability which for the individual constitutes or results in a substantial handicap to employment; and

(2) A reasonable expectation that vocational rehabilitation services may benefit the individual in terms of employability.

34 C.F.R. §361.31 (1987). In addition, as OVR points out in its brief, individuals who disagree with the state board's eligibility determinations, for any reason, have a remedy in the fair hearing procedures mandated under federal law by 29 U.S.C. §722(d) (1987 Supp.) and 34 C.F.R. §361.48 (1987) and provided for under Pennsylvania law in Section 9 of the Rehabilitation Act, 43 P.S. §681.9 and the regulations set forth in the Executive Director's Memorandum, Memo No. 860-110.11.[3]

---

[3] Drawing all inferences reasonably deducible from Complainant's complaint, it appears that Complainant went to OVR with the specific agenda of obtaining part-time employment at the United

Because we conclude that HRC lacks subject matter jurisdiction over Complainant's employment discrimination claims, we reverse HRC's denial of OVR's motion to dismiss and order the matter transferred to OVR where Complainant will have a full opportunity to challenge OVR's disposition of his case.

## ORDER

Now, July 26, 1988, the interlocutory order of the Human Relations Commission, dated January 6, 1987, denying the motion to dismiss of the Office of Vocational Rehabilitation, dated October 30, 1987, is hereby reversed. The Chief Clerk is hereby directed to transfer this matter back to the Office of Vocational Rehabilitation pursuant to 42 Pa. C. S. §5103.

---

Rehabilitation Workshop. Unfortunately for Complainant, OVR's state-federal program encompasses an evaluation and service program far more complex than merely making a job referral. *See, i.e.,* 34 C.F.R. §361.32 (1987), *Evaluation of vocational rehabilitation potential: Preliminary diagnostic study;* 34 C.F.R. §361.34 (1987), *Extended evaluation to determine vocational rehabilitation potential;* 34 C.F.R. §361.35 (1987), *Certification: Eligibility; extended evaluation to determine vocational rehabilitation potential; ineligibility.*