597 A.2d 1225

**Geraldine T. SZYMANSKI–GALLAGHER**

**v.**

**CHESTNUT REALTY COMPANY, a General
Partnership, Philadelphia Police, Fire &
Park Police, Federal Credit Union**

**v.**

**M. COHEN & SONS, INC. t/a the Iron Shop.**

**Appeal of CHESTNUT REALTY CO., a General Partnership.**

Superior Court of Pennsylvania.

Submitted June 4, 1991.

Filed Oct. 18, 1991.

324

Curtis P. Cheyney, III, Ardmore, for appellant.

Lawrence G. Metzger, Philadelphia, for Szymanski–Gallagher, appellee.

Joseph M. Toddy, Philadelphia, for Philadelphia Police, Fire & Park Police Federal Credit Union, appellee.

Elizabeth David, Philadelphia, for M. Cohen & Sons, appellee.

Before McEWEN, KELLY and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from an order granting summary judgment in favor of appellee credit union. Appellant had sought indemnification against appellee pursuant to a written clause in lease agreements between appellant and appellee credit union after a credit union employee was injured on the premises and instituted a personal injury action against appellant. Appellee asserted the defense of the Workmen's Compensation Act immunity provisions. Appellant asserts generally that the court erred in finding the indemnification clause at issue insufficient to impose liability upon appellee credit union. We vacate the order appealed from and remand for a continuation of proceedings.

The underlying plaintiff, Geraldine Szymanski–Gallagher, was injured on the premises of her employer Philadelphia Police, Fire & Park Police Federal Credit Union while working there, and in the course of her employment there. Specifically, it is alleged that she tripped and fell on a stairway connecting floors leased by the credit union from appellant realty company. Plaintiff filed a personal injury action against appellant and others. Appellant filed a complaint joining the credit union as an additional defendant claiming that it had contracted to indemnify appellant against financial loss resulting from usage of the stairway

in question. Appellee credit union sought summary judgment arguing that the indemnification provision was insufficient at law to negate the immunity provision of the Workmen's Compensation Act. The trial court granted summary judgment stating that the clause in question did not expressly waive the statutory protection afforded by 77 P.S. § 481(b). This appeal followed.

 An employer's immunity from suit by an employee for an injury occurring at work is well documented and will not be rehashed here. This statutory immunity extends not only to actions by employees, but also to actions for contribution or indemnification by another party who is being sued by the injured employee for the injury sustained at work. Thus, in this situation, although it is not an employee seeking damages from the employer, because the claim for damages emanates from a work related injury, the employer enjoys an immunity from suit by a third party or joint tortfeasor as well.

In our view, this immunity is not as absolute. The precise statutory language states:

> In the event injury or death to an employee is caused by a third party, then such employe, ... may bring [an] action at law against such third party, but the employer, ... shall not be liable to a third party for damages, contribution or indemnity ... unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. § 481(b). Thus, under the language of the statute, where an employer previously agrees in writing to indemnify the third party for damages, the employer can be held so liable. The main controversy in this appeal relates to the content of the written provision used as a basis for holding the employer liable. More specifically, the question we must answer is whether or not this written provision must expressly waive the workmen's compensation immunity or

whether there must simply be an express agreement to be liable for indemnification/contribution damages? For the reasons that follow, we hold that the requirements of § 481 are met if there is an express undertaking to indemnify or be liable for damages and that it is not necessary to expressly waive the workmen's compensation immunity.

A major reason we are willing to hold as just stated is that to do so simply enforces the literal wording of the statute itself. That is, the language of the statute indicates that for an employer to be liable to a third party for damages, contribution or indemnification, such liability must be expressly provided for in a written agreement between the third party and the employer. It would seem that all that is necessary by the language of the statute is a written agreement where the employer agrees to be liable to the third party. Although, as a practical matter such an agreement could be viewed as having the effect of "waiving" the employer's immunity provided under the workmen's compensation act, the language of the act does not state that the employer must expressly waive the statutory immunity.

To impose such a requirement through judicial interpretation would have the effect of re-writing the Act and significantly changing the requirements from those stated in the language of the Act. Appellee has offered no cases in support of its position squarely holding that such language is necessary. Virtually all of the cases discussing this particular aspect of the Workmen's Compensation Act deal with the delineation of what constitutes an "express" agreement to indemnify. There appears to be only one recent case, which is discussed *infra,* that suggests something more than an express agreement to indemnify is necessary. By far, the clear focus of the cases seem concerned only that the employer actually have agreed to indemnify the third party. Thus, in cases where the proffered written agreement constituted less than an express agreement to actually indemnify the third party, the writings were found lacking. Consider the following examples.

In *Gerard v. Penn Valley Constructors, Inc.*, 343 Pa.Super. 425, 495 A.2d 210 (1985), this court found a purported indemnification clause insufficient to satisfy the Act. The provision stated:

> Subcontractor will submit to Contractor before the commencement of work insurance certificates showing that Subcontractor is covered by workmen's compensation insurance as required by law, and also public liability insurance for property damages, personal injury or death.

Quite notably there is no language at all that indicates that the subcontractor agreed to pay damages to, or indemnify the contractor should the contractor be held liable for an injury resulting from performance of the work. It is not surprising therefore that the court found this clause insufficient under the Act to impose liability upon the employer. Such a clause could hardly be considered an express agreement to indemnify.

Similarly, in *Potts v. Dow Chemical Co.*, 272 Pa.Super. 323, 415 A.2d 1220 (1980), the subject clauses purported to limit the liability of Dow to "that directly resulting from the sole negligence of [Dow] in the performance of this contract." Nevertheless, there was no language that indicated U.S. Steel, the purported indemnitor, would pay damages to Dow for any liability imposed upon Dow, and Dow's efforts to seek indemnification were summarily thwarted. In *Babjack v. Mt. Lebanon Parking Authority*, 102 Pa.Cmwlth. 499, 518 A.2d 1311 (1986), a clause in the lease contract stating that the lessor "shall not be liable for personal injury to the Lessee, Lessee's employees or guests, which might arise from the condition of the Premises...." was also found lacking under the statute because, although implying an intent to limit liability, thus shifting liability to lessee, there was no specific language that lessee would pay for any liability imposed upon the lessor.

A review of these cases reveals that they do not contain an express agreement to indemnify. At best, there is an implied promise to indemnify. However, the Act, as well as caselaw, requires more than a promise by implication, it

requires an express undertaking. As previously stated, there has been little suggesting that more than an express implication to indemnify, i.e., an express waiver of the § 481 immunity, is necessary to satisfy the § 481 requirements.

In *Potts v. Dow Chemical,* supra, for example, the court discussed the applicable section of the Act stating "[w]e agree that Section 303(b) of the Workmen's Compensation Act specifically creates an exception in favor of liability of an employer when it is based on an express agreement of indemnity. In the instant case, however, Dow's pleadings demonstrate clearly that there was no contract of indemnity.... An agreement to indemnify is an obligation resting upon one person to make good a loss which another has incurred or may incur by acting at the request of the former, or for the former's benefit." 415 A.2d at 1221. Notably, nowhere in this discussion does the court suggest that language "waiving" the statutory immunity is necessary to impose liability based upon an agreement to indemnify. In *Babjack, supra,* the Commonwealth Court, in finding no basis for liability notes that the clause in question is "not an express undertaking by Appellee to indemnify Appellant for injuries suffered by Appellee's employees." 518 A.2d at 1313. Again there is no hint that more than an express undertaking to indemnify is necessary to impose liability. The lower court, however, appears to have placed significant emphasis on almost gratuitous language in *Remas v. Duquesne Light Company,* 371 Pa.Super. 183, 537 A.2d 881 (1988), suggesting that the clause must expressly "waive" the statutory immunity provided by the Act. We do not think this approach is necessary or proper.

In *Remas,* the court considered a clause in a contract between Duquesne Light and Gregg Security which called for Gregg to indemnify and hold harmless Duquesne Light for liability on a cause of action "which may be made or had against the Company [Duquesne Light] by reason of any act committed by the Contractor, its agents, servants or employees other than an act performed by the Contractor, its agents, servants or employees at the specific instruction

of the Company." The trial court found this language insufficient to impose liability on an indemnification theory. We affirmed stating "[t]he lower court determined that the indemnity clause in the Duquesne–Gregg agreement did not constitute an agreement by Gregg to indemnify and hold Duquesne harmless in the event Duquesne's negligence caused injury to a Gregg employee, within the contemplation of the Workmen's Compensation Act. We agree.

The Act requires an *express* provision for the statutory employer to assume an indemnity obligation in such circumstances." 537 A.2d at 882–883. (Emphasis in original). A review of the clause in question establishes that the purported indemnity clause had a limited scope. It related to liability imposed upon Duquesne Light for acts committed by Gregg. However, the allegations asserting liability on the part of Duquesne Light did not allege acts committed by Gregg. Rather, the allegations were that the injury was caused by failure of Duquesne Light to properly maintain and to clear ice and snow from the area where the plaintiff had fallen. As such, it is clear that there was no obligation under the clause to indemnify for those damages and it is equally clear that the lower court had properly granted preliminary objections in the nature of a demurrer.

■ If that was the extent of the discussion in *Remas* there would seem to be little room for confusion. However, the panel added that "Gregg did not expressly agree, in the indemnity clause quoted above, to waive its statutory protection, and to assume unlimited liability for damages arising from harm suffered by its own employees as a result of the neglect of Duquesne." *Id.* 537 A.2d at 883. This is an entirely correct statement. Clearly, Gregg did not agree to such an undertaking. Nor did Gregg expressly waive the statutory immunity of the Act. However, nowhere in the opinion is it established that an express *waiver* is necessary to implicate indemnification liability. Although a correct statement, the language offered by the court, perhaps unfortunately, created an impression that an express waiver is necessary under the statute. However, as indicated

above, none of the cases preceding *Remas* suggested that an express waiver is necessary to impose such liability, nor does the language of the statute itself. Nor is such a rule required to support the result of *Remas*. Consequently, we cannot conclude that *Remas* holds as such. Rather, we conclude that all the statute requires is an express agreement to indemnify that fairly implicates liability under the facts alleged.[1]

■ Turning to the clause in question and the facts underlying the present appeal, the clause in question was part of a lease agreement between appellant and the credit union. It states:

11(b). Lessee also agrees to be responsible for and to relieve and hereby relieves lessor from all liability by reason of any damage or injury to any person or thing which may arise from or be due to the use, misuse, or abuse of all or any of the elevators, hatches, openings, stairways, hallways of any kind whatsoever, which may exist or hereafter be erected or constructed on said premises, ... whether such damage, injury, use, misuse, or abuse be caused by or result from the negligence of lessor, his servants or agents or any other person or persons whatever.

A fair reading of the subject clause suggests that it meets all statutory and caselaw requirements for imposing liability upon appellee credit union. The agreement of the credit union to be liable to appellant for liability imposed upon appellant relating to the use of the stairway is expressly provided for. The agreement of lessee to be "responsible

1. By this statement we do not wish to abridge prior caselaw regarding the required specificity of expression regarding indemnification for the indemnitee's own negligence. There is an entire body of law indicating that for the indemnification to encompass the indemnitee's own negligence the agreement must expressly provide for such indemnification. See, *Pittsburgh Steel Co. v. Patterson–Emerson–Comstock, Inc.*, 404 Pa. 53, 171 A.2d 185 (1961), and subsequent cases. In fact, often the discussion as to whether a clause expressly provides for indemnification has focused on this very aspect. However, the clause in this case clearly covers liability resulting from appellant's own negligence. See text of the subject clause, *infra*.

for and to relieve lessor from" liability for injury to any person is express language of indemnity.[2] The obligation to indemnify lessor is not merely implied from the language used, it is directly provided for. The language "any person" encompasses an employee of the credit union. Indeed, inasmuch as the stairway in question connected two floors being leased by the credit union, it appears more than foreseeable that an injury on the stairway might involve an employee. Lastly, the clause in question indicates lessee's obligation to relieve lessor from liability even if the injury should result from the negligence of the lessor. Thus, the clause clearly covers the present situation, and unlike the clause in *Remas*, even suggests that the lessee could be held liable over for damages which were occasioned by the lessor's own negligence.

Since the clause in question must be deemed to meet the requirements of the Act, we vacate the order appealed from and remand for proceedings consistent with this opinion.

Order vacated, remanded for further proceedings. Jurisdiction relinquished.

---

**2.** Black's Law Dictionary, Fifth Edition, defines indemnity thusly: "A collateral contract or assurance, by which one person engages to secure another against an anticipated loss or to prevent him from being damnified by the legal consequences of an act or forbearance on the part of one of the parties or of some third person. Term pertains to liability for loss shifted from one person held legally responsible to another person."
Similarly, indemnify is defined as follows: "[t]o restore the victim of a loss, in whole or in part, by payment, repair, or replacement. To save harmless; to secure against loss or damage; ..."