**Bachman and Miller v. High Construction Inc.**

*Joel D. Smith,* for defendant.
*Joseph Goldberg,* for additional defendant.

GEORGELIS, *J.,* December 12, 1991—Before us are the motions for summary judgment of the additional defendant, Andrews Excavating Inc. One motion has been filed in each case, and both seek the entry of summary judgment in favor of Andrews on the complaints joining it as an additional defendant filed by the defendants, Lantz Builders Inc. and High Construction Inc. Since Lantz Builders Inc. was the predecessor of High Construction Inc., these two defendants shall hereinafter be referred to collectively as High. High and Andrews have filed briefs, and, for the reasons stated below, the motions will be granted.

These two lawsuits state causes of action in negligence for the death of Clinton D. Bachman and for the injuries of Jeffrey S. Miller, both arising from the collapse of a trench in which they were working on April 14, 1986. Empire Kosher Foods Inc., which had its chicken processing plant in Mifflintown, Pennsylvania destroyed by a fire, had contracted with High to remove the debris from the fire and to construct a new manufacturing facility. Bachman and Miller, at the time of the accident, were employees of Andrews, which had subcontracted with High to perform the demolition and cleanup of the destroyed buildings.

Andrews, as the employer of Bachman and Miller, is immune from liability to the plaintiffs but has been joined by High for the purpose of enforcing indemnities contained in the contract between High and Andrews. In its motions, Andrews contends that the indemnity clause of the High/Andrews contract must be construed strictly and in favor of Andrews, that the indemnity clause does not provide indemnity to High for its own

negligence and that the indemnity clause does not waive Andrews' immunity under the Pennsylvania Workmen's Compensation Act, 77 P.S. §1, et seq. High's response is that its exposure to liability in these two cases is vicarious, that it is seeking indemnification for Andrews' negligence, not its own, and that the Act's immunity need not be expressly waived in the indemnity clause.

Summary judgment should be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law...." Pa.R.C.P. 1035(b). The court must view the evidence in the light most favorable to the non-moving party, and any doubts must be resolved against the entry of summary judgment. *Yaindl v. Ingersoll-Rand Co.*, 281 Pa. Super. 560, 422 A.2d 611 (1980).

The issue presented by Andrews' motions is whether the indemnity clause contained in the High/Andrews agreement can be the basis for Andrews' liability to High. There are no disputed facts surrounding this issue, and the question before us is whether Andrews is entitled to summary judgment as a matter of law. We believe that it is.

Our analysis of this issue begins with a partial review of the pleadings. Andrews, by virtue of the immunity granted it under the Act, cannot be liable to the plaintiffs and was, accordingly, not an original defendant. By virtue of this immunity and by virtue of its joinder after the expiration of the statute of limitations, High is not pursuing it for sole liability on the plaintiffs' causes of action, but rather for liability over to High on those causes of action.

Specifically, paragraph 13 of both of the plaintiffs' complaints sets forth these causes of action and alleges Empire's and High's negligence[1] for: (a) failing to have due regard for the rights and safety of Bachman and Miller; (b) failing to actively supervise the excavation of the ditch; (c) failing to assure the safe construction of the ditch; (d) delegating a nondelegable duty; (e) failing to take special precautions; (f) entering into contracts; (g) failing to inspect; (h) failing to assure adequate specifications for the work; (i) failing to prohibit the work; (j) failing to warn; and (k) violating various statutes, ordinances, rules and regulations.

In responding to Andrews' contention that the indemnity clause cannot be construed to require Andrews to indemnify High for High's own negligence, High argues that the negligence allegations, contained in the plaintiffs' complaints and recited above, are allegations of Andrews' negligence for which High can only be liable secondarily, passively, vicariously and derivatively. We believe that High misreads these allegations of negligence.

Even though we acknowledge that the plaintiffs could have pled High's vicarious liability for Andrews' negligence, which liability could result from the contractual relationship established by the High/Andrews agreement, these allegations do not do so. We are unable to find any allegation in the complaint, which allegation pleads High's (and Empire's) vicarious or derivative liability. We read the plaintiffs' complaints as their efforts to hold High (and Empire) directly liable, and we believe that paragraph 13 of both complaints pleads conduct by High (and Empire), which conduct the plain-

---

1. Two other original defendants, against whom the plaintiffs alleged negligence, have since been dismissed.

tiffs allege comprised those parties' negligence for their acts or failures to act.

As to High, the plaintiffs may have difficulty proving these allegations, in the event High is successful in establishing the employer/independent contractor relationship between itself and Andrews. We believe that High recognized this difficulty and presented it as a defense, when it responded to paragraph 13 by, in essence, pleading that it owed no duty of care to the plaintiffs and that it did not breach any such duty. Asserting no liability for negligence on the grounds that there was no duty of care owed by High and that any such duty was not breached by High obviously differs from asserting no vicarious liability for High based on Andrews' negligence. The latter situation does not present itself unless the allegation of the complaints' paragraph 13 are misread, as we believe High has done.

We hold that the plaintiffs' complaints plead, inter alia, High's negligence, and we must now decide if the indemnity clause can provide High indemnification for its own negligence. The indemnity clause of the High/Andrews agreement, a copy of which is attached to High's new matter as exhibit B, is paragraph 14, which reads as follows:

"Subcontractor shall conduct and carry on its work in such manner as to avoid injury or damage to persons or property including its own work and be strictly responsible for damage to persons or property by failure so to do or by subcontractor's negligence, and shall assume as to its work hereunder all obligations imposed on contractor under the provisions of the contract document and shall indemnify and hold harmless contractor against such obligations in the same manner that contractor is obligated to indemnify owner. Subcontractor assumes entire responsibility and liability for any and

all damage or injury of any kind or nature whatever (including death resulting therefrom) to all persons whether employees of subcontractor or otherwise, and to all property, caused by, resulting from, arising out of or occurring in connection with the execution of its work hereunder and all damage, direct or indirect, of whatever nature resulting from the performance of its work hereunder at its risk. If any person shall make a claim for any damage or injury (including death resulting therefrom) as hereinabove described, whether such claim be based upon subcontractor's alleged active or passive negligence or participation in the wrong, or upon any alleged breach of any statutory duty or obligation on the part of subcontractor, or otherwise, subcontractor agrees to indemnify and save harmless contractor from and against any such claim and all loss, expense, damage or injury that contractor may sustain as a result of any such claim. Subcontractor agrees to assume on behalf of contractor the defense through counsel satisfactory to contractor of any action at law or equity which may be brought against contractor upon such claim and to pay on behalf of contractor upon its demand the amount of any judgment which may be entered against contractor in any such action.

"The subcontractor and his sureties shall indemnify and save harmless the owner from and against all losses and claims, demands, payments, suits, actions, recoveries, and judgment of every nature and description brought or recovered against him by reason of any act or omission of said subcontractor, its agents, or employees, in the execution of the work or in the guarding of it."

We believe that Andrews, in its brief, accurately states the law on the question of indemnification for one's own negligence. It refers us, inter alia, to *Fidelity*

*Bank v. Tiernan,* 249 Pa. Super. 216, 375 A.2d 1320 (1977), which, at 226, 1326, quoted the Pennsylvania Supreme Court in *Perry v. Payne,* 217 Pa. 252, 66 A. 553 (1907), as follows:

"'We think it clear, on reason and authority, that a contract of indemnity against personal injuries should not be construed to indemnify against the negligence of the indemnitee, *unless it is so expressed in unequivocal terms.... No inference from words of general import can establish it.'* 217 Pa. at 262, 66 A. at 557. (emphasis added)"

The indemnity clause of the High/Andrews agreement simply does not contain the "unequivocal terms," required by *Perry* and *Fidelity Bank* for us to interpret it as Andrews' indemnification of High for High's negligence. Consequently, we interpret it to indemnify High for Andrews' negligence, which is not an issue in these two cases because of Andrews' immunity under the Act.

In its briefs, High refers us, as authority for its opposition to the entry of summary judgment, only to three cases: *Nechwedowich v. The Great Atlantic and Pacific Tea Co. Inc.,* 300 Pa. Super. 152, 446 A.2d 275 (1982); *Gallagher v. Transport Pool Inc.,* 281 Pa. Super. 188, 421 A.2d 1212 (1980); and *Szemanski v. Vulcan Materials Co.,* 272 Pa. Super. 240, 415 A.2d 92 (1979). High accurately states that these three cases stand for the proposition that a defendant in a personal injury action may join, as an additional defendant, the plaintiff's employer, who has agreed to indemnify the defendant. As Andrews notes in its reply brief, this particular holding in these cases, however, dealt with the procedural issue of the permissibility of the joinder and were based primarily on "Pa.R.C.P. 2252. *Right to Join Additional Defendants.*" They did not reach

the substantive issue before us, i.e., whether the indemnification applies to the joining party's negligence.

We hold that High cannot invoke the provisions of the indemnity clause of its agreement with Andrews to plead liability over to Andrews for the negligence alleged against High in the plaintiffs' complaints. Therefore, we believe that Andrews is entitled to summary judgments, and we will enter them.[2]

Accordingly, we enter the following

## ORDER

And now, December 12, 1991, for all of the reasons stated in the foregoing opinion, the motions for summary judgment of the additional defendant, Andrews Excavating Inc., are granted, and summary judgments are entered in favor of the additional defendant, Andrews Excavating Inc., and against the defendants, Lantz Builders Inc. and High Construction Inc. The complaints joining additional defendant are dismissed.

---

2. We do not address Andrews' contention that the indemnity clause is invalid because it does not expressly waive the Act's immunity. However, we do note the recently decided Superior Court case, *Szymanski-Gallagher v. Chestnut Realty Co.*, 409 Pa. Super. 323, 597 A.2d 1225 (1991), to which High called our attention by way of a recent letter and which held that an express waiver of the immunity is not required in an indemnification.