446 A.2d 912

**Richard PENDRAK**

v.

**KEYSTONE SHIPPING COMPANY and Robert Hawthorne, Inc. and A. Moe & Company, Inc.**

**Appeal of ROBERT HAWTHORNE, INC.**

Superior Court of Pennsylvania.

Argued May 6, 1981.

Filed May 28, 1982.

Reargument Denied June 15, 1982.

Petition for Allowance of Appeal Denied Sept. 23, 1982.

Charles W. Craven, Philadelphia, for appellant.

Jeanne Ward Ryan, Philadelphia, for appellees.

Before SPAETH, CAVANAUGH and LIPEZ, JJ.

LIPEZ, Judge:

In this personal injury action we are required to interpret the meaning of the word "date" as set forth in Section 303(b) of the Pennsylvania Workmen's Compensation Act,

1974, December 5, P.L. 782 No. 263, § 6, 77 P.S. § 481(b), (the Act). It provides:

> In the event injury or death to an employee is caused by a third party, then such employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, *unless liability for such damages, contributions, or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.*

(emphasis supplied).

The plaintiff, Richard Pendrak (Pendrak) was injured on January 18, 1978, about 3 p.m. while in the employ of the additional defendant A. Moe and Company, Inc. (Moe). At the time of the injury, Pendrak was on a vessel owned by the Keystone Shipping Company (Keystone).[1] Pendrak alleged in his Complaint that he was struck by a hatch cover which fell from a crane owned by the defendant, Robert Hawthorne, Inc. (Hawthorne) that had been leased to Moe. Hawthorne sought to join Moe as an additional defendant based upon a contract of indemnity executed on January 18, 1978, the same date on which the accident to Pendrak occurred (but some hours after its execution) wherein Moe agreed unconditionally to indemnify Hawthorne from all personal injury claims arising from the operation of the equipment.

Moe filed preliminary objections contending essentially that it was totally immune because the indemnity contract was not entered into, within the meaning of Section 303(b) prior to the date of the occurrence which gave rise to the

1. Keystone does not appeal.

action in this matter.[2]  The lower court sustained the preliminary objections.  Hawthorne appeals.  We affirm.

■  The issue here is whether the fact that the contract of indemnity was signed on the date of the injury to the plaintiff Pendrak, even though entered into prior to the injury, precludes the joinder of Moe, Pendrak's employer, as an additional defendant by the defendant Hawthorne.  We think that it does.

> "The date in its ordinary meaning imports the day, month and year, and this is also the legal significance of the word, and unquestionably is the popular as well as the technical meaning, the day of the month being quite as much a part of the date as the month or year ..." 15 A.C.J.S. 472.  "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Statutory Construction Act of 1972. 1 Pa. C.S.A. § 1921(b).  "[T]he language of a statute must be construed according to common and approved usage." *Commonwealth v. Hill*, 481 Pa. 37, 391 A.2d 1303 (1978).

■  We think it is clear and so conclude, that "date" as used in § 303(b) means "day, month and year," excluding any lesser period of time (hour, minute).[3]  While we recognize that this interpretation would require such contracts to be executed on a day prior to the occurrence, nevertheless, not only are we convinced that the plain meaning and

---

**2.**  Prior to the 1974 amendment to the act, in suits brought by employees against a third party, the employer could be joined as an additional defendant.  This amendment granted employers total immunity from third party actions, (*See Lee v. U. S. Plywood, et al.*, 299 Pa.Superior Ct. 165, 445 A.2d 506 (1982), *Hefferin v. Stempkowski*, 247 Pa. Superior Ct. 366, 372 A.2d 869 (1977)), except where otherwise expressly provided by written contract "prior to the date of the occurrence."

**3.**  Cases from other jurisdictions are in accord.  *See, Schoonover v. Arizona Title Insurance and Trust Company*, 126 Ariz. 438, 616 P.2d 898 (1980).  *Anderson v. State Personnel Board*, 103 Cal.App.3d 242, 162 Cal.Rptr. 865, 868 (1980).

approved usage of the word mandates it, but it also promotes greater certainty and less likelihood of dispute.

Affirmed.