475 A.2d 153

**Timothy McKEE & Christine McKee, H/W**

v.

**McHUGH BROTHERS and McHugh Brothers Crane Rentals and J.J. White, Inc.**

**Appeal of McHUGH BROTHERS and McHugh Brothers Crane Rentals.**

Superior Court of Pennsylvania.

Argued Jan. 18, 1984.

Filed May 4, 1984.

Hugh A. Donaghue, Media, for appellants.

Manfred Farber, Philadelphia, for appellee.

Before ROWLEY, HESTER and ROBERTS, JJ.

ROBERTS, Judge:

Appellant is an alleged third-party tortfeasor in an action in trespass brought by an employee of appellee, pursuant to

section 303 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 481 (Supp.1983). This appeal is taken from an order of the Court of Common Pleas of Delaware County sustaining appellee's preliminary objections to appellant's "Complaint Against Additional Defendant in Indemnity" and dismissing the complaint. We affirm.

The action in trespass avers that on December 11, 1981, plaintiff, appellee's employee, was struck in the head by a piece of pipe being lifted in a negligent manner by a crane owned and operated by appellant. In an answer to the action and new matter, appellant alleged that the crane had been leased to and under the sole control of appellee, the plaintiff's employer, and that plaintiff's exclusive remedy was thus under the Workmen's Compensation Act.*

In the complaint forming the basis for this appeal, appellant averred that it is entitled to indemnity from appellee "for any award or settlement to which plaintiff may be entitled," as well as for "counsel fees and costs." Appellant's claim is based on the terms of a written agreement between appellant and appellee covering the rental of the crane involved in the accident.

The written agreement, which was first executed two days prior to the accident and then renewed one day prior to the accident and again on the day of the accident itself, contains a clause which provides: "Lessee [ (appellee) ] assumes all responsibility for loss, damage and expense resulting from the operation of [the crane] either personal injury or property damage including damage or loss to the equipment leased hereby, unless such damage or loss was caused by the sole negligence of the Lessor [ (appellant) ]." Immediately preceding this clause was an additional clause in which the parties specified that "Lessor agrees to supply [the crane] and necessary personnel to operate same under direct and sole supervision of the Lessee ...."

* The record does not reveal whether plaintiff has pursued his remedies under the Act.

Section 303(b) of the Workmen's Compensation Act provides:

"In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, *unless liability for such damages, contributions, or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.*"

77 P.S. § 481(b) (emphasis supplied). In sustaining appellee's preliminary objections, the court of common pleas held that indemnification by appellee was not "expressly provided for" in the parties' written contract. Appellant maintains that its written agreement with appellee did "expressly provide for" indemnification by appellee, and that the court erroneously assumed that only the word "indemnification" or the like could be used to shift the responsibility for liability from appellant to appellee.

We agree with appellant that the language of the agreement which provides that appellee "assumes all responsibility for loss, damage and expense," is sufficiently express to subject appellee to liability for indemnification, but do not agree that the agreement makes appellee liable where appellant retains control of the crane and its operator. By express language in the clause preceding the disputed indemnity clause, the parties specifically agreed that appellant's personnel operating the crane were to be under the "direct and sole supervision" of appellee. Thus, when the parties in their written contract further agreed that appellee "assumes all responsibility for loss, damage and expense ... unless such damage or loss was caused by the

sole negligence" of appellant, they intended to make appellee liable to appellant for indemnity only where appellee has control of the crane and its operator. Where, as the plaintiff has alleged here, injury is sustained while the crane and its operator are subject to the control of appellant contrary to the parties' written agreement, it must be concluded that indemnification was not intended. See *Perry v. Payne*, 217 Pa. 252, 66 A. 553 (1907) ("every presumption is against an intention to contract for immunity for not exercising ordinary diligence in the transaction of any business").

Because the parties did not intend to make appellee liable for indemnity where injury is sustained while the crane is within appellant's control, it must be concluded, under the plain language of section 303(b) of the Workmen's Compensation Act, that in such an instance appellee is not liable to appellant. See *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 465 A.2d 609 (1983); *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980). And although the parties did intend to make appellee liable for indemnity where injury is sustained while the crane was within appellee's control, it must be concluded on this record that there can be no obligation to indemnify. The express terms of section 303(b) require that the injury to an employee bringing suit be "caused by" the alleged third-party tortfeasor. Thus it is clear that appellant is not liable to the employee for injuries sustained while the crane was within the employer's control unless the conduct of the employer was accompanied by conduct on the part of appellant. Here, the facts and the averments of negligence against appellant center only on appellant's alleged operation of the crane; it has nowhere been suggested that appellant was involved in any other respect. Accordingly, if the crane was, in accordance with the parties' agreement, exclusively in the control of the plaintiff's employer, then plaintiff's cause of action against the alleged third-party tortfeasor fails because the injury was *not* caused by the third party, but rather by plaintiff's own employer. Where

the alleged third-party tortfeasor is, in fact, not liable, there can be no obligation to indemnify for liability.

Because the parties' written contract did not make appellee liable for indemnity where the crane is controlled by appellant, and because on this record there can be no liability for indemnity where such control is exercised by appellee, the order of the court of common pleas dismissing appellant's Complaint Against Additional Defendant in Indemnity must be affirmed.

Order affirmed.