537 A.2d 881

**James REMAS, Appellee,**

v.

**DUQUESNE LIGHT COMPANY, a Corporation, Appellant,**

v.

**GREGG SECURITY SERVICES, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 5, 1987.

Filed Feb. 16, 1988.

184

Amy S. Cunningham, Pittsburgh, for appellant.

Anne F. Duggan, Pittsburgh, for Gregg, appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This is an appeal from a lower court Order which granted Preliminary Objections in the nature of a demurrer, and dismissed a Complaint to Join an Additional Defendant. The case began with a Complaint filed by Plaintiff–Appellee James Remas against Defendant–Appellant Duquesne Light Company, a Corporation (hereinafter referred to as "Duquesne"). That Complaint asserted that the Plaintiff had suffered a fall and injuries in the course of his duties, while walking as a security person on Duquesne's property. The Plaintiff attributed his fall and consequent injuries to the alleged failure by Duquesne to properly maintain and to clear ice and snow from the area where he fell, and to other related acts of purported negligence by the Defendant relating to the conditions which prevailed in the area of his fall. At the time of his accident, the Plaintiff was an employee of the Appellee Gregg Security Services, Inc. (hereinafter referred to as "Gregg"). Duquesne sought to bring Gregg into the action as an Additional Defendant. Gregg filed the Preliminary Objections which led to the

lower court Order dismissing Duquesne's Complaint to Join Additional Defendant. This appeal followed.

In the recent case of *Leach v. Hough*, 352 Pa.Super. 213, 507 A.2d 848 (1986), our Court discussed the guidelines applicable in the review of an appeal such as this. We pointed out that an appellate court reviewing the grant of a demurrer must accept as true all well-pleaded material facts in the complaint, as well as all inferences which may be reasonably deduced therefrom. However, we noted that unjustified inferences and conclusions of law may not be drawn from the face of the complaint. The court ruling on the demurrer may not supply facts missing from the complaint, but may only consider those matters as arise out of the complaint. Finally, we stated the well-established rule that if there is any doubt about whether the preliminary objections should be granted, the doubt should be resolved in favor of overruling the demurrer.

The Complaint to Join Additional Defendant in this case recited the following: It first asserted that Duquesne and Gregg had entered into an agreement whereby the latter would provide security guard services to the former at various facilities. That agreement required Gregg to furnish and maintain certain types of insurance, and contained a hold-harmless and indemnity provision. Further, it contained detailed safety requirements applicable to Gregg and specifications as to the type of services to be provided. It was claimed that Gregg violated its agreement with Duquesne by failing to provide proper equipment to its personnel assigned to Duquesne, and failed to assign personnel who met the specifications set forth in the agreement. Finally, while denying liability to Mr. Remas, Duquesne maintained that if it were held liable to him, Gregg would be liable to Duquesne for indemnification, pursuant to the agreement between them.

The agreement between Duquesne and Gregg was attached as an exhibit to the Complaint to Join Additional Defendant. The indemnity provision of that agreement,

which is significant in our resolution of the instant appeal, provided, in relevant part:

> INDEMNIFICATION—To hold harmless and indemnify the Company from and against any liability, loss, damages, cost and expense which the Company may suffer from any claim, demand, action, suit or cause of action which may be made or had against the Company by reason of any act committed by the Contractor, its agents, servants or employees other than an act performed by the Contractor, its agents, servants or employees at the specific instruction of the Company.

The lower court examined Duquesne's Complaint to Join Additional Defendant in light of the Pennsylvania Workmen's Compensation Act, which provides immunity for a statutory employer from suit in situations such as the one presented in the instant case, except where the employer has expressly agreed to indemnify a third party subjected to claims by an injured employee. The specific statutory restriction is set forth in the Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b), which states:

> (b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

Numerous cases have recognized this rule. See, for example, *Heckendorn v. Consolidated Rail Corporation*, 502 Pa. 101, 465 A.2d 609 (1983).

■ The lower court determined that the indemnity clause in the Duquesne–Gregg agreement did not constitute an agreement by Gregg to indemnify and hold Duquesne harmless in the event Duquesne's negligence caused injury to a Gregg employee, within the contemplation of the Workmen's Compensation Act. We agree. The Act requires an *express* provision for the statutory employer to assume an indemnity obligation in such circumstances. Such contractual undertakings were discussed in *Gerard v. Penn Valley Constructors, Inc.*, 343 Pa.Super. 425, 495 A.2d 210 (1985). There we pointed out that an asserted indemnification contract will be carefully scrutinized and is subject to strict construction. On that point, see also *Employers Liability Assurance Corporation v. Greenville Business Men's Association*, 423 Pa. 288, 224 A.2d 620 (1966). Such scrutiny and strict construction in the instant case leads to the strong conclusion that Gregg did not expressly agree, in the indemnity clause quoted above, to waive its statutory protection, and to assume unlimited liability for damages arising from harm suffered by its own employees as a result of the neglect of Duquesne. The indemnity clause in issue in this case simply does not contain such an undertaking by Gregg.

■ With regard to the other grounds asserted by Duquesne in its Complaint, concerning purported violations by Gregg in failing to properly equip its personnel and assigning employees who failed to meet contractual specifications, we find no grounds for allowing Duquesne to join Gregg in the instant suit as an Additional Defendant. The provisions of the Workmen's Compensation Act are clear in stating that the only basis for holding a statutory employer liable in these circumstances is if it has expressly agreed to bear liability for such damages, contribution or indemnification. As we have found, no such express undertaking is present in this case. The contract language concerning Gregg's equipment and personnel obligations certainly could not be construed as an indemnity undertaking or an assumption of liability by Gregg for harm to employees caused by conduct

188

of Duquesne. Accordingly, we find no error in the lower court's Order granting Gregg's Preliminary Objections and dismissing Duquesne's Complaint to Join Additional Defendant.[1]

The Order of the lower court is hereby affirmed.

**1.** In view of this disposition, there is no need that we address Duquesne's contention that the lower court should have permitted the pleading of details concerning Gregg's insurance coverage requirements in the Complaint to Join Additional Defendant.