## McMaster v. Amquip Corporation

*Martin N. Ghen,* for plaintiffs.
*William T. Renz,* for defendant.
*Daniel P. Carter,* for additional defendant.

SOKOLOVE, *J.* April 16, 1989—Defendant Amquip Corporation has appealed to the Superior Court from our order of February 9, 1989 granting the motion for summary judgment of additional defendant Silas Bolef Company. We write this opinion pursuant to Pa. R.A.P. 1925.

We note initially that Silas Bolef's motion relied only upon the pleadings and was not dependent upon any discovery.* Therefore, the motion is more

correctly labeled a motion for judgment on the pleadings rather than a motion for summary judgment, and we regard it as such. *Beardell v. Western Wayne School District,* 91 Pa. Commw. 348, 496 A.2d 1373 (1985). The title assigned to the motion is not critical in that the legal standard for each motion is similar. Both motions are means by which a case may be summarily dismissed before trial on the basis that there exists no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *Id.* It does not matter that Silas Bolef did not specifically move for judgment on the pleadings. *Id.* Judgment on the pleadings may be granted only in cases where no facts are at issue and the law is so clear that a trial would be a fruitless exercise. *Id.* Under these guidelines, we have no doubt that we correctly granted the motion.

No pertinent facts are at issue in this matter. Plaintiffs filed a complaint against Amquip Corporation alone, alleging that plaintiff Charles T. McMaster Jr. was injured on May 20, 1986 when he was struck by a crane cable and clamp while working at a construction site. At the time of the accident plaintiff was working as an employee of Silas Bolef. The complaint alleged that the crane was owned and operated by Amquip and that the negligence of Amquip's employees caused the accident.

Amquip filed an answer, admitting that it owned the crane and that plaintiff was employed by Silas Bolef when the accident occurred but denying that Amquip was negligent. In new matter, Amquip alleged that it had entered into a rental agreement for the crane on May 20, 1986 with Silas Bolef, a copy of which was attached. Amquip further alleged that it had supplied a crane operator to Silas Bolef and that the operator, as a borrowed employee, was

the employee, agent or servant of Silas Bolef. The new matter incorporated a complaint against Silas Bolef as additional defendant. The complaint against Silas Bolef was based solely on a provision in the rental agreement stating that Silas Bolef was required to hold harmless and indemnify Amquip from all claims and to pay all costs, damages, legal costs and fees. The copies of the rental agreement attached to the answer and to the complaint against Silas Bolef were partially illegible, but the date, May 20, 1986, is clearly marked. Silas Bolef answered Amquip's complaint, stating, inter alia, in new matter that it was immune from liability by virtue of the Pennsylvania Workmen's Compensation Act.

Amquip's complaint against Silas Bolef on the rental agreement must fail. Section 303(b) of the Pennsylvania Workmen's Compensation Act, December 5, 1974, P.L. 782 §6, 77 P.S. §481(b) provides that:

"In the event injury or death to an employee is caused by a third party, then such employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employees, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contributions, or indemnity in any action at law, or otherwise, *unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.*" (emphasis supplied)

The Superior Court has interpreted this provision to mean that a contract of indemnity signed on the

same day as the employee's injury cannot be enforced against the employer. *Pendrak v. Keystone Shipping Co.*, 300 Pa. Super. 393, 446 A.2d 912 (1982). Under factual circumstances identical to those presented here, the *Pendrak* court held that joinder of the employer as an additional defendant by the alleged third-party tort-feasor was precluded. Because the rental agreement was executed on the same day as Charles McMaster's injury, Amquip has no cause of action against Silas Bolef for indemnity. Amquip has presented a variety of public-policy arguments against the *Pendrak* rule to no avail. We are bound by appellate court law.

Amquip also contends that judgment could not be entered for Silas Bolef because of the existence of a material issue of fact: namely, whether the operator of the crane was a borrowed employee of Silas Bolef so that Silas Bolef supervised and controlled the crane when the accident occurred. Preliminarily, since the borrowed employee concept was introduced only in Amquip's new matter to plaintiffs' complaint and not in the complaint against Silas Bolef, we question whether the issue is part of the pleadings in the motion before us. We think that it is not. Silas Bolef was not properly put on notice of a borrowed employee claim against it. Nonetheless, the borrowed employee theory is unworkable in this context and does not present a genuine issue of fact, even if it had been appropriately raised in the pleadings.

The Pennsylvania Workmen's Compensation Act is the exclusive remedy of an employee against an employer for injury arising out of the employee's employment. 77 P.S. §481(a). Thus, even if the crane operator was a Silas Bolef employee, or if Silas Bolef was in control of and supervised the crane operation, then plaintiffs' only relief against Silas

Bolef was worker's compensation. Silas Bolef could not be liable to plaintiffs in an action at law. Also, premising the viability of the indemnification clause in the rental agreement, Silas Bolef would have no indemnification obligation if it were in control of the crane operation. Section 303(b) of the Pennsylvania Workmen's Compensation Act, as quoted above, requires that injury to the employee be caused by a third party to invoke the employer's liability for indemnity. If the injury here had been caused by Silas Bolef, Amquip would not be liable, and Silas Bolef would have no reason to indemnify Amquip. See *McKee v. McHugh Brothers,* 327 Pa. Super. 170, 475 A.2d 153 (1984).

On the facts of this case, there is no possibility that Silas Bolef could be liable in an action at law for plaintiffs' injuries. Our decision to dismiss Silas Bolef from the case was correct.