## Koons v. Pennsylvania Power and Light Co.

*Terry S. Hyman,* for plaintiff.
*Charles E. Wasilefski,* for defendant.
*Joel D. Smith,* for additional defendant.

CASSIMATIS, *J.,* April 30, 1990 — This matter is before the court pursuant to additional defendant's, Structural Maintenance System, preliminary objection in the nature of a demurrer to the complaint of defendant Pennsylvania Power and Light Company. For the reasons set forth below, we sustain the demurrer and dismiss the complaint of PP&L.

This case arises from the death of Michael Koons, an employee of SMS. SMS and PP&L had a contract whereby SMS would perform structural repairs at

the Holtwood Power Station, owned and operated by PP&L. On October 12, 1987, while performing his duties on behalf of SMS at Holtwood, Michael Koons was electrocuted and as a result died instantly. His estate instituted a wrongful death and survival action against PP&L. PP&L, in turn, filed a complaint against SMS for indemnification, to which SMS has demurred.

From the outset, it should be noted that Pennsylvania Workmen's Compensation Law forbids a direct tort action by the estate of Michael Koons against SMS. This proscription does not, however, bar an action by an employee (Koons) against a third party (PP&L). Furthermore, it is abundantly clear that a third party (PP&L) may assert a claim against the employer (SMS) for indemnification or contribution only in very limited circumstances. 77 P.S. §481(b) provides in relevant part:

"The employer . . . shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, *unless* liability for such damages, contributions or indemnity shall be *expressly* provided for in a *written contract* entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." (emphasis supplied)

Therefore, as per the statute above, unless indemnification is expressly provided for by contract, a third party may not seek indemnification from an employer.

In support of its claim for indemnification, PP&L relies on a provision in its contract with SMS which reads:

"[SMS] agrees to indemnify and save harmless [PP&L] from and against *all liability* for injuries and damages to person or property at any time sustained by any person or corporation, . . . whatso-

ever arising out of, resulting from or in any way caused by or in connection with [SMS's] performance of the contract."

Thus, the issue presented here is whether the provision in question constitutes an express agreement by SMS to indemnify PP&L for any liability incurred as a result of plaintiff's suit against PP&L.

Turning to the case law, upon review of it, the court concludes that the agreement in question was not an express agreement to indemnify.

In *Remas v. Duquesne Light Co.,* 371 Pa. Super. 183, 537 A.2d 881 (1988), plaintiff, an employee of Gregg Security Services, was injured while patrolling Duquesne's property. Duquesne sought indemnification based on a clause in a contract between Duquesne and Gregg which provided:

*"Indemnification* — To hold harmless and indemnify the company [Duquesne] from and against any liability, loss, damage, cost and expense which the company [Duquesne] may suffer from any claim, demand, action, suit or cause of action which may be made or had against the company [Duquesne] by reason of any act committed by the contractor [Gregg], its agents, servants or employees other than an act performed by the contractor [Gregg], its agents, servants or employees at the specific instruction of the company [Duquesne]."

The Superior Court upheld the lower court's order, granting Gregg's demurrer and dismissing Duquesne's complaint against Gregg. The court opined that the agreement in question did not constitute an express agreement by employer-Gregg to indemnify defendant-Duquesne for injuries caused to a Gregg employee by Duquesne's negligence.

The holdings of other cases dealing with the issue presented here are in accord with *Remas.* For

instance, the Third Circuit, in applying Pennsylvania law, noted that:

"Pennsylvania courts have distinguished between indemnity clauses that specifically refer to liability arising from a party's own negligence and those that call for indemnity for *'all liability'* or *'all loss.'* Compare *Pittsburgh Steel Co. v. Patterson-Emerson-Comstock Inc.,* 404 Pa. [53] at 55, 171 A.2d [185] at 186 [(1961)] (refusing to permit indemnification for indemnitee's negligence where contract read: 'Contractor will indemnify buyer from *all liability* . . . in *any manner* arising out of or *incident to performance* of this order') with *Westinghouse Electric Co. v. Murphy Inc.* (permitting indemnification for indemnitee's negligence where contract read: 'Seller shall . . . indemnify . . . buyer whether [buyer's liability] results from *negligence of buyer* . . . or otherwise. . .') If an indemnity clause *does not* expressly mention liability arising from the *indemnitee's own negligence,* the clause will not cover the situation despite broad, all inclusive language that might suggest otherwise. The *clause relied on must include the word negligence or any of its cognates." Hicks v. Armstrong Cork Co.,* 38 D.&C. 3d 445, 449 (1986), citing *Gimbel Brothers Inc. v. William H. Vanderherchen Inc.,* 468 F.2d 597, 599 (3d Cir. 1972). (emphasis supplied)

In the instant case, the clause PP&L relied on is very similar to the broad "all loss" and "all liability" language cited above. The clause fails to refer explicitly to losses arising from PP&L's negligence. It makes no reference to indemnification of PP&L by SMS for liability caused by PP&L's own negligence. Instead, the clause contains only words of general import. Absent words specifically and expressly providing that SMS will indemnify PP&L for PP&L's negligence, the clause in question does not

284

satisfy the standards set forth above. Therefore, as a matter of law, PP&L's complaint does not state a claim for indemnification from SMS.

Accordingly, we enter the following order, sustaining SMS's demurrer, and dismissing the complaint of PP&L.

## ORDER

And now, April 30, 1990, the preliminary objection in the nature of a demurrer of additional defendant, Structural Maintenance Systems Inc., is sustained.

The complaint of defendant Pennsylvania Power and Light Company against additional defendant, Structural Maintenance Systems Inc., is hereby dismissed.

The prothonotary is directed to provide notice of the entry of this opinion and order as provided by law.