Curtis M. BURKE and Alma S. Burke, h/w, Plaintiffs,

v.

KOCH INDUSTRIES, Defendant and Third–Party Plaintiff,

v.

MATLACK SYSTEMS, INC., Third–Party Defendant.

Civ. A. No. 89–7841.

United States District Court, E.D. Pennsylvania.

Aug. 27, 1990.

---

John J. Spreicher, Rhoda, Stoudt & Bradley, Reading, Pa., for Burke, plaintiffs.

Daniel B. Huyett, David R. Beane, Stevens & Lee, Reading, Pa., for Koch Industries, defendant and third-party plaintiff.

William R. Hourican, Manta & Welge, Philadelphia, Pa., for Matlack Systems, Inc., third-party defendant.

## MEMORANDUM

CAHN, District Judge.

In this negligence action brought by a worker against Koch Industries, a manufacturing firm that had hired the plaintiff's employer, Matlack Systems, Inc., to ship its product, Koch has filed a third-party complaint against Matlack pursuant to an indemnification agreement between them. Matlack has moved to dismiss this third-party complaint. This motion shall be denied.

### I. BACKGROUND

The relevant allegations, taken to be true for the purposes of this motion to dismiss, are as follows. Curtis Burke, a citizen of Pennsylvania, was employed by Matlack Systems, Inc. Matlack had been hired by Koch Industries, a Kansas corporation with its principal place of business in Kansas, to deliver liquid asphalt to Koch's customers. While loading a tanker truck, Burke was injured. He then brought this action against Koch, alleging that Koch's negligence caused his injuries. Alma Burke, his wife, joined in this action under a claim of loss of consortium.

Koch then filed a third-party complaint against Matlack, a Pennsylvania corporation with its principal place of business in Delaware, alleging that the contract under which Koch had engaged Matlack contained an indemnification clause which would relieve Koch of liability for Matlack's negligence. Koch also alleges that Matlack's negligence caused Burke's injuries. This court's jurisdiction rests upon 28 U.S.C. § 1332 for both complaints.[1]

### II. DISCUSSION

Matlack has filed a motion to dismiss the third-party complaint on the ground that indemnification agreements are disfavored under Pennsylvania law, and that, as a matter of law, the agreement between Koch and Matlack is not precise enough to enforce. Koch argues that the language is sufficiently clear, and that contracts by

---

1. Moreover, even if diversity were lacking, the third-party complaint would fall under this court's ancillary jurisdiction. *Finkle v. Gulf & W. Mfg. Co.,* 744 F.2d 1015, 1018 (3d Cir.1984).

which the indemnitor indemnifies for his own negligence are generally acceptable.

Under Fed.R.Civ.P. 12(b)(6), "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989). The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle the plaintiff to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ Because this action sounds in diversity, it is this court's task to predict how the Pennsylvania Supreme Court would resolve this dispute.[2] *Hon v. Stroh Brewery, Inc.,* 835 F.2d 510, 512 (3d Cir.1987); *Wilson v. Asten–Hill Mfg. Co.,* 791 F.2d 30, 32 (3d Cir.1986). To this end, decisions of the Pennsylvania Supreme Court are dispositive; decisions of the Pennsylvania Superior Court, though not binding, are entitled to "significant weight," and may constitute presumptive evidence of state law. *Wisniewski v. Johns–Mansville Corp.,* 759 F.2d 271, 274 (3d Cir.1985); *see also, e.g., Hon,* 835 F.2d at 512; *McGowan v. University of Scranton,* 759 F.2d 287, 291 (3d Cir.1985).

■ This action is controlled by the Pennsylvania Workmen's Compensation Act, Pa.Stat.Ann. title 77, §§ 1 *et seq.* (Purdon Supp.1990), § 481(b) of which states, in pertinent part, that:

In the event injury or death to an employe is caused by a third party, then such employe ... may bring [his] action at law against such third party, but the employer ... shall not be liable to a third party for damages, contribution, or indemnity in any action at law ... unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

The parties agree that there was a contract between Koch and Matlack when Burke was injured. Thus, the third-party suit may proceed only if the contract expressly provided for indemnification.[3] *See, e.g., Remas v. Duquesne Light Co.,* 371 Pa.Super. 183, 187, 537 A.2d 881, 882 (1988); *Gerard v. Penn Valley Constructors, Inc.,* 343 Pa.Super. 425, 429, 495 A.2d 210, 212 (1985). This court must thus turn to the terms of the indemnification agreement.

■ Section 4b of the contract between Matlack and Koch, appended to the third-party complaint, reads in full:

*Indemnification and Claims:* Carrier agrees to indemnify, save harmless and defend Shipper from and against all loss, damage or injury to or death of person, or damages to or loss of property, including property of Shipper, to the extent caused by the negligence of the Carrier, its agents, servants, and employees in the performance of work under this Agreement.

On its face, the agreement is quite clear; Matlack has agreed to indemnify Koch for all losses caused by Matlack's negligence. Nevertheless, Matlack argues that the agreement is unenforceable under Pennsylvania law. In doing so, Matlack refers to a line of Pennsylvania cases under which indemnification agreements are very strictly construed. *See, e.g., Dilks v. Flohr Chevrolet, Inc.,* 411 Pa. 425, 434–36, 192 A.2d 682, 687–88 (1963); *Perry v. Payne,* 217 Pa. 252, 262–63, 66 A. 553, 556–57 (1907); *Gerard,* 343 Pa.Super. at 429, 495 A.2d at

---

**2.** The parties agree, and I concur, that Pennsylvania law applies to this action. The injury occurred in Pennsylvania, the plaintiffs are Pennsylvanians, and the third-party defendant is incorporated in Pennsylvania.

**3.** Pa.Stat.Ann. title 77, § 481(a) (Purdon Supp. 1990), states that the Workmen's Compensation Act is the exclusive remedy for the liability of an employer to an employee. *See, e.g., Lewis v. School Dist. of Philadelphia,* 517 Pa. 461, 471, 538 A.2d 862, 867 (1988). Consequently, Burke could not bring an action against Matlack.

212; *McKee v. McHugh Bros.*, 327 Pa.Super. 170, 174, 475 A.2d 153, 155 (1984). This line holds that indemnification contracts are not favored by the law, and thus that they should be construed strictly, that they must establish indemnification within the four corners of the text, and that they must relate the intention of the parties with the utmost particularity. *See, e.g., Dilks*, 411 Pa. at 434–36, 192 A.2d at 687–88.

This argument lacks force in this context. The cases above concern indemnification agreements in which the indemnitor is to indemnify against the negligence of the *indemnitee.* That type of contract may well contravene public policy; the hallmark of tort law, after all, is that an individual must bear the burden for his own negligence, so an indemnification agreement of this sort would rob the constraining influence of tort law of its force. *See Deskiewicz v. Zenith Radio Corp.*, 385 Pa.Super. 374, 379, 561 A.2d 33, 36 (1989). Here, in contrast, the contract indemnifies against the negligence of the *indemnitor.* This apportions the risk where it should lie. Accordingly, Pennsylvania courts have tended to view the latter type of agreement more favorably than the former. *See, e.g., Tidewater Field Warehouses, Inc. v. Fred Whitaker Co.*, 370 Pa. 538, 542, 88 A.2d 796, 798 (1952); *Fulmer v. Duquesne Light Co.*, 374 Pa.Super. 537, 546, 543 A.2d 1100, 1104 (1988); *Urban Redev. Auth. v. Noralco Corp.*, 281 Pa.Super. 466, 477, 422 A.2d 563, 569 (1980) (en banc); *Szemanski*

*v. Vulcan Materials Corp.*, 272 Pa.Super. 240, 243, 415 A.2d 92, 95 (1979).[4]

It is hard to challenge the degree of specificity of the indemnification agreement here. The agreement explicitly refers to indemnification when Matlack is negligent, a detail that has been found necessary by some courts. *See, e.g., Willey v. Minnesota Mining & Mfg. Co.*, 755 F.2d 315, 323 (3d Cir.1985) (provision enforced; mentions negligence); *Bush v. Chicago and N.W. Transp. Corp.*, 522 F.Supp. 585, 587 (E.D.Pa.1981) (Lord, C.J.) (same); *Westinghouse Electric Co. v. Murphy, Inc.*, 425 Pa. 166 at 173–74, 228 A.2d 656 at 660 (1967) (same); *Remas*, 371 Pa.Super. at 187, 537 A.2d at 883 (not enforced; did not mention negligence). *Cf. McKee*, 327 Pa.Super. at 174, 475 A.2d at 155 (similar language held sufficiently explicit; failure of other conditions defeated clause). While the extent, if any, of Matlack's liability remains undetermined, the agreement itself is clear in its import.[5]

To be sure, the circumstances surrounding a contract of indemnity may alter its interpretation. *See, e.g., Brotherton*, 406 Pa. at 402, 178 A.2d at 697; *Deskiewicz*, 385 Pa.Super. at 377, 561 A.2d at 35; *Potts v. Dow Chem. Co.*, 272 Pa.Super. 323, 326, 415 A.2d 1220, 1221 (1979). It is at least conceivable that extrinsic matters could alter this court's reading of the indemnity clause, though the language is very explicit. However, the motion before this court is a motion to dismiss, which compels this court to make every possible inference in favor of the third-party plaintiff. Under

**4.** For example, the *Noralco* court distinguished between contracts indemnifying a negligent party for active negligence from those indemnifying him for passive negligence. The former, which relieve the indemnitee from responsibility for his own actions, are not favored; the latter, which merely compensate for acts primarily engendered by the indemnitor, are acceptable. *Noralco*, 281 Pa.Super. at 477, 422 A.2d at 569; *see also Brotherton Constr. Co. v. Patterson–Emerson–Comstock, Inc.*, 406 Pa. 400, 402, 178 A.2d 696, 697–98 (1962); *Deskiewicz*, 385 Pa.Super. at 379, 561 A.2d at 36.

**5.** The cases cited by Matlack are distinguishable. In *Potts v. Dow Chem. Co.*, 272 Pa.Super. 323, 415 A.2d 1220 (1979), in which a third-party plaintiff attempted to join the plaintiff's employer in order that the third-party plaintiff might

be indemnified, the agreement at issue never mentioned indemnification. Rather, it limited the third-party plaintiff's liability to that which arose from its negligence. 272 Pa.Super. at 326–27, 415 A.2d at 1221–22. The indemnification agreements in *Brotherton Constructors Co. v. Patterson–Emerson–Comstock, Inc.*, 406 Pa. 400, 178 A.2d 696 (1962), and *Pittsburgh Steel Co. v. Patterson–Emerson–Comstock, Inc.*, 404 Pa. 53, 171 A.2d 185 (1961), never mention indemnification for negligence, unlike the contract between Koch and Matlack. Moreover, these agreements sought to indemnify for the indemnitee's own negligence. In contrast, the agreement here seeks to indemnify for the indemnitor's negligence, which, as discussed above, is far more favorably viewed by the courts.

these circumstances, it cannot be said that *no* set of facts would allow the indemnity clause to be interpreted in a manner that would make it enforceable.

As a result, this court, following the clear direction of Pennsylvania law, concludes that the indemnification contract at issue is, on its face, sufficiently explicit to fall under the exception created by § 481(b) to the rule that employers may not be impleaded in negligence actions. The motion to dismiss must therefore be denied. *Accord, e.g., Skversky v. Apple Computer, Inc.,* No. 88–3885, 1989 WL 73654 (E.D.Pa. July 5, 1989); *Griffith v. United States,* No. 87–1665, 1988 WL 68725 (E.D.Pa. June 27, 1988).