**Marvin SCRIBNER and Sandra Scribner, Plaintiffs,**

v.

**MACK TRUCKS, INC. and Protection Technology, Inc., Defendants.**

**Civ. A. No. 93–3785.**

United States District Court, E.D. Pennsylvania.

July 18, 1994.

Richard J. Orloski, Orloski & Hinga, Allentown, PA, for plaintiffs.

Maureen A. Jordan, Bethlehem, PA, for Mack Trucks, Inc.

Joseph A. Dych, Media, PA, for Protection Technology, Inc.

### MEMORANDUM AND ORDER

HUYETT, District Judge.

### I. BACKGROUND

Marvin and Sandra Scribner ("Plaintiffs") commenced this personal injury action against Defendant Mack Trucks, Inc. ("Mack Trucks"). Plaintiffs allege that, when on

Mack Trucks' premises, Marvin Scribner slipped on oil which had been negligently spilled onto the ground by Mack Trucks' employees. At the time of his fall, Marvin Scribner was employed as a security guard by Protection Technology, Inc. ("Protection"), who had contracted to provide security services on Mack Trucks' premises. As a result of his injuries, Marvin Scribner received worker's compensation benefits from Protection.

Mack Trucks impleaded Protection as an additional Defendant based on an indemnification provision in its contract with Protection. Protection argues that its liability is limited to payment of worker's compensation benefits and moves for summary judgment. For the following reasons, Protection's motion is denied.

## II. *DISCUSSION*

### A. *Summary Judgment Standard*

Summary judgment is proper when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This Court's role is to determine "whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Josey v. John R. Hollingsworth Corp.,* 996 F.2d 632, 637 (3d Cir.1993). The moving party has the burden of demonstrating that no genuine issue of fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Further, the evidence must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962). However, if the non-moving party fails to adduce sufficient evidence in connection with an essential element of the case for which it has the burden of proof, the moving party is entitled to summary judgment as a matter of law. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

### B. *Exclusivity Provision of the WCA*

■ The exclusivity provision of The Pennsylvania Workmen's Compensation Act ("WCA"), 77 P.S. § 481(a), provides:

The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes ... on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

Accordingly, an employee's sole recourse against his employer for injuries sustained in the course of employment is usually a claim under the WCA. *See, e.g., Rodgers v. Prudential Ins. Co.,* 803 F.Supp. 1024 (M.D.Pa. 1992), *aff'd,* 998 F.2d 1004 (1993).

However, as in the present case, an injured employee may sue a third party who caused the injury. 77 P.S. § 481(b). The employer will not be liable to the third party for contribution or indemnity unless liability "shall be expressly provided for in a written contract entered into by the [employer]." *Id.* "The [WCA] requires an *express* provision for the statutory employer to assume an indemnity obligation in such circumstances." *Remas v. Duquesne Light Co.,* 371 Pa.Super. 183, 537 A.2d 881, 883 (1988) (emphasis in original); *see also Bester v. Essex Crane Rental Corp.,* 422 Pa.Super. 178, 619 A.2d 304, 307 (1993) ("[t]he intent to indemnify against claims by the employees of the alleged indemnitor, however, must clearly appear from the terms of the agreement"). The indemnity provision of the WCA is to be strictly construed. *Pittsburgh Steel Co. v. Patterson–Emerson–Comstock, Inc.,* 404 Pa. 53, 171 A.2d 185 (1961).

The contract between Mack Trucks and Protection contains the following language:

The Contractor [Protection] hereby covenants and agrees to indemnify, defend and hold harmless the Company [Mack Trucks] ... [against claims and liability arising] as a result of the acts or omissions of the Contractor, its agents, servants or employees while engaged in the performance of the services contemplated under this agreement.

It is beyond dispute that this language does not constitute an enforceable indemnity against the consequences of Mack Trucks own negligence. *See, e.g., Bester,* 619 A.2d at 309 (WCA precludes liability absent specific language demonstrating that employer

agreed to indemnify third party from liability for third party's own negligence resulting in harm to employees of employer). Accordingly, Mack Trucks may not seek indemnity or contribution against the consequences of its own negligence.

■ However, in its third party complaint, Mack Trucks alleges that Plaintiff's injuries were caused wholly or in part by Protection's negligence. In *Burke v. Koch Industries*, 744 F.Supp. 677, 680 (E.D.Pa.1990), the Court distinguished between agreements to indemnify against the *indemnitee's* negligence, and agreements to indemnify against the *indemnitor's* negligence. Although the former type of agreement may contravene public policy, the latter type of agreement "apportions the risk where it should lie." *Id.* "Accordingly, Pennsylvania courts have tended to view the latter type of agreement more favorably than the former." *Id.*

The provision in issue does not specifically indemnify against Protection's negligence, but, rather, refers to "acts or omissions" of Protection or Protection's agents and employees. Applying Pennsylvania law, the Court finds this language specific enough to survive Protection's summary judgment motion. In *Szemanski v. Vulcan Materials Co.*, 272 Pa.Super. 240, 415 A.2d 92, 93 (1979), for example, joinder of the indemnitor by the indemnitee was permitted where the indemnity covered "all losses and all claims, demands, payments, suits, actions, recoveries and judgments arising out of any act or omission." Public policy does not require this type of provision to be construed as strictly as an agreement to indemnify against the indemnitee's own negligence. Further, the meaning of the indemnification is clear and unequivocal: Protection will indemnify Mack Trucks to the extent a claim results from the act or omission of Protection, Protection's servant or agent.

### III. *CONCLUSION*

Viewing the evidence in the light most favorable to the non-moving party, a genuine issue exists as to whether, for the purposes of the indemnification agreement, Protection waived the protection of the WCA's exclusivity provision. For this reason, Protection's summary judgment motion is denied.